**Yousef NAZAKAT, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 91–9558.**

United States Court of Appeals, Tenth Circuit.

Dec. 15, 1992.

Daniel M. Kowalski, Denver, CO, for petitioner.

Robert Kendall, Jr. (Stuart M. Gerson, Asst. Atty. Gen., and Richard M. Evans, Asst. Director, and Ellen Sue Shapiro, Atty., Office of Immigration Litigation, U.S. Dept. of Justice, with him on the brief), Atty., Office of Immigration Litigation, U.S. Dept. of Justice, for respondent.

Before TACHA and BRORBY, Circuit Judges, and BROWN, District Judge.*

TACHA, Circuit Judge.

Petitioner Yousef Nazakat requests review of the Board of Immigration Appeals' (BIA) summary dismissal of his appeal from a deportation order for failing to specify the reasons for his appeal. Mr. Nazakat argues that the BIA's summary dismissal was inappropriate, an abuse of discretion, and a denial of fundamental fairness and due process. We exercise jurisdiction under 8 U.S.C. § 1105a(a) and affirm.

Petitioner Nazakat, a citizen of Iran, entered the United States in 1978 as a nonimmigrant student. The INS charged him with failure to comply with the conditions of his status in 1981, and deportability for having overstayed the term of his visa in 1982. Deportation proceedings commenced in 1982, followed by several continuances and a seven-year hiatus. When the deportation hearing reconvened in 1989, Nazakat appeared pro se. The immigration judge advised Nazakat of his right to counsel and assured the petitioner that he could have additional time to find a lawyer. The judge informed Nazakat that he could not appoint counsel, but offered to give Nazakat a list of legal aid attorneys. Nazakat chose to represent himself and continue with the hearing.

At the conclusion of the deportation proceedings on May 8, 1989, the immigration judge denied asylum, withholding of deportation, and suspension of deportation, but granted voluntary departure in lieu of de-

---

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

portation. The immigration judge then informed Nazakat of his right to appeal and warned the petitioner to prepare an adequate Notice of Appeal: "Don't just say, 'I disagree.' As I explained to you ... you've got to put the reasons.... grounds, that an error was made, in this area, or that area, whatever grounds that you're appealing on. You have to be specific."

Nazakat, acting pro se, filed a timely Notice of Appeal with the BIA using Form I–290A. The notice indicated that he was appealing the denial of asylum and asserted the following reasons for appeal:

> Specific reasons are, the Judge was not really pointed the facts, and mentioned which I wrote in my other application that my father lives in Iran, and other one is from my last conviction was seven years ago, which is in the book, and since then I was in good moral interp. I hope these are enough for reasons.

Nazakat did not file a brief or other documentation. On August 29, 1991, the BIA summarily dismissed his appeal for failure to allege "any error which could provide the basis for our meaningful review of the record." Nazakat filed a timely petition for review in this court.

■ We review the BIA's summary dismissal for abuse of discretion. *See Medrano–Villatoro v. I.N.S.*, 866 F.2d 132, 134 (5th Cir.1989). Under 8 C.F.R. § 3.1(d)(1–a)(i), the BIA may summarily dismiss any appeal if "the party concerned fails to specify the reasons for his appeal on Form I–290A (Notice of Appeal)." The BIA has interpreted this provision strictly in construing the degree of specificity required. *See Matter of Valencia,* Interim Decision No. 3006, 1986 WL 67713 (B.I.A. 1986). The reasons given must at least inform the BIA of which errors the immigration judge made and why. *Toquero v. I.N.S.*, 956 F.2d 193, 195 (9th Cir.1992); *Medrano–Villatoro,* 866 F.2d at 133–34; *Athehortua–Vanegas v. I.N.S.*, 876 F.2d 238, 241 (1st Cir.1989). The statement must be specific enough to inform the BIA whether the petitioner is challenging erroneous findings of fact or applications of law, or both. *Bonne–Annee v. I.N.S.*, 810 F.2d 1077, 1078 (11th Cir.1987). Where the dispute is on the facts, the particular details contested should be discussed; if a question of law is presented, supporting authority should be cited. *Toquero,* 956 F.2d at 195 (citing *Matter of Valencia,* at *4). Where the denial of discretionary relief is at issue, the statement must specify whether the alleged error relates to the grounds for statutory eligibility or the exercise of discretion. *Id.*

■ We find that the BIA did not abuse its discretion in finding the petitioner's statement of reasons for the appeal insufficient to satisfy these strict standards. Although the statement pointed to the specific facts at issue, it failed to explain how the immigration judge erred in making his factual findings or in interpreting the evidence. The statement also failed to specify the alleged errors made in the discretionary denial of asylum. This left the BIA with insufficient guidance on appeal. *See Athehortua–Vanegas,* 876 F.2d at 241.

■ Nazakat alternatively argues that, where an appellant who lacks a perfect command of English appears pro se, the strict application of the regulations is a deprivation of fundamental fairness and due process. He requests that the BIA's dismissal be reversed and the case remanded for a decision on the merits. It is well established that, while petitioners do not have a constitutional right to counsel in deportation proceedings, they are entitled to due process. *Toquero,* 956 F.2d at 196; *Lozada v. I.N.S.*, 857 F.2d 10, 13 (1st Cir. 1988); *Vides–Vides v. I.N.S.*, 783 F.2d 1463, 1469 (9th Cir.1986). A petitioner's inability to obtain counsel, however, does not constitute a violation of due process, *see Vides–Vides,* 783 F.2d at 1469–70, and the fact that a petitioner appears pro se does not overcome the requirement to file an adequate notice of appeal. *See Bonne–Annee,* 810 F.2d at 1078 ("When a petitioner, proceeding through a representative or pro se, fails to apprise the Board of the specific grounds for his appeal ... summary dismissal is appropriate.").

■ We conclude that Mr. Nazakat's due process rights were not violated. The peti-

tioner was informed of his right to obtain counsel and verified that he understood this right. Indeed, the immigration judge offered him a list of legal aid attorneys. At the conclusion of the hearing, the judge informed Nazakat of his right to appeal and emphasized the need to provide specific reasons in the Notice of Appeal. Moreover, Nazakat had more than two years before the BIA dismissed his appeal in which to submit a brief or other documentation providing more specific reasons for the appeal, or to obtain counsel to assist him. *See Athehortua–Vanegas*, 876 F.2d at 241; *Bonne–Annee*, 810 F.2d at 1078.

Alternatively, Mr. Nazakat requests that we stay our mandate to give him time to file a motion with the BIA to reopen his application under new asylum regulations. Petitioner does not assert that a stay of our mandate is necessary for him to file a motion to reopen. Rather, Mr. Nazakat may seek an administrative stay while his motion to reopen is pending. 8 C.F.R. § 243.4. In light of this administrative alternative, we decline to grant a judicial stay. *See Larimi v. I.N.S.*, 782 F.2d 1494, 1497 (9th Cir.1986).

The petition for review is DENIED and the BIA's summary dismissal is AFFIRMED. Petitioner's request for a stay of mandate is DENIED.