993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Meily SUAZO; Jennifer Hernandez; Humberto Antonio
Hernandez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided May 24, 1993.
 
 Before: REINHARDT, TROTT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Meily Suazo; her husband, Humberto Hernandez; and their daughter ("the Suazos") petition for review of the summary dismissal by the Board of Immigration Appeals ("BIA") of their appeal of an immigration judge's order denying their claims of asylum and withholding of deportation. We deny the petition and, for the reasons set forth below, stay the mandate.
 
 I.
 
 3
 The Suazos, Nicaraguan citizens, entered the United States on April 1, 1989, at Brownsville, Texas. Two days later they were charged with deportability under 8 U.S.C. § 1251(a)(2). They retained counsel, James C. Lopez,[1] and requested asylum (8 U.S.C. § 1158) and withholding of deportation (8 U.S.C. § 1253(h)), or, in the alternative, voluntary departure (8 U.S.C. § 1254(e)). In June, 1991, after a hearing at which Lopez, their counsel, was present, an immigration judge granted voluntary departure, and denied the asylum and withholding of deportation claims.
 
 
 4
 Through Lopez, the Suazos timely appealed to the BIA. The notice of appeal briefly stated a ground for appeal and indicated that a brief would be filed. No brief was filed, however, and on September 12, 1991, the INS filed a motion for summary dismissal of the appeal for failure to file a brief or adequately state the reasons for the appeal. The Suazos contend that a copy of this motion was served on Lopez and that Lopez did not respond. He also did not file a brief, or an explanation for his failure to file a brief, or any argument as to why the notice of appeal was adequate without a brief. The BIA dismissed the Suazos' appeal on September 23, 1991.
 
 
 5
 The Suazos state that, after their appeal was dismissed, Lopez told them that another federal appeal was available. A pro se petition for review was timely filed with this court in the Suazos' names, along with an application to proceed in forma pauperis. The Suazos contend that Lopez prepared the filings and forged Humberto Hernandez's name to them. They also contend that they paid Lopez the $100 filing fee. We denied the Suazos' application to proceed in forma pauperis and gave them 21 days to pay the fee or face dismissal of their petitions. No fee was paid, and the petition was dismissed.
 
 
 6
 Around May 1, 1992, the Suazos received an order to report for deportation on May 12, 1992. Represented by new counsel, they filed an emergency motion to reinstate the petition for review and to stay deportation. In the motion, they stated that they had paid the filing fee to Lopez and that Lopez had rendered ineffective assistance. In a declaration attached to the INS's opposition to the their motion, Lopez contested the Suazos' allegations of ineffective assistance. On May 29, 1992, we reinstated the Suazos' petition. We now deny it.
 
 II.
 
 7
 On appeal, the Suazos contend that their notice of appeal was sufficiently detailed to overcome the INS' motion for summary dismissal, that they were given insufficient time to respond to the motion for summary dismissal, and that Lopez rendered ineffective assistance.
 
 A. Notice of Appeal
 
 8
 We review the BIA's summary dismissal of an appeal for "appropriateness." Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (citing Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal). Our review of a summary dismissal does not reach the merits of the underlying appeal. Id. at 486.
 
 1. Statement of Reasons
 
 9
 Under 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. "[S]ummary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the I[mmigration] J[udge]'s decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 10
 The BIA has articulated strict specificity requirements for appellants attempting to state the reasons for their appeal:
 
 
 11
 It is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation.... [I]t should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts, or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 12
 Matter of Valencia, 19 I & N Dec. 354, 1986 BIA LEXIS 3 at (citation omitted). We have approved the BIA's strict interpretation of 8 C.F.R. § 3.1(d)(1-a)(i). See Reyes-Mendoza, 774 F.2d at 1365.
 
 
 13
 Since the Suazos did not file a brief, the question before us is whether the reasons set forth in their notice of appeal met the BIA's strict standard. Martinez-Zelaya, 841 F.2d at 296. We hold that their conclusory statement of reasons was inadequate. Courts are unanimous in rejecting notices of appeal that set forth only bare, conclusory assertions. See, e.g., Toquero v. INS, 956 F.2d at 194; Reyes-Mendoza v. INS, 774 F.2d at 1364; see also Nazakat v. INS, 981 F.2d 1146, 1148 (10th Cir.1992); Athehortua-Vanegas v. INS, 876 F.2d 238, 240 (1st Cir.1989); Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988); Bonne-Annee v. INS, 810 F.2d 1077, 1078 (11th Cir.1987); Townsend v. INS, 799 F.2d 179, 181 (5th Cir.1986). The Suazos' first argument fails.
 
 2. Inadequate Time to Respond
 
 14
 Eleven days passed between the day the INS filed its motion requesting that the BIA summarily dismiss the Suazos' appeal and the day the BIA did so. The Suazos contend that this period gave them an inadequate opportunity to respond to the motion. However, nothing in the record indicates that the Suazos were unable to respond to the motion because of time constraints. To the contrary, the Suazos contend that they were hampered by the allegedly ineffective assistance of Lopez, their counsel, who never filed any papers with the BIA after the INS' motion was filed. We consider the ineffective assistance claim below.
 
 B. Ineffective Assistance of Counsel
 
 15
 A deportation hearing is a civil, not a criminal, proceeding. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39, 104 S.Ct. 3478, 3483-84 (1984). To prevail on a claim of ineffective assistance of counsel, an alien must show " 'assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause.' " Ramirez-Durazo v. INS, 794 F.2d 491, 500 (9th Cir.1986) (quoting Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986)). Whether ineffective assistance of counsel rises to the level of a due process violation is a mixed question of law and fact subject to a de novo review. Mohsseni-Behbahani v. INS, 796 F.2d 249, 250 (9th Cir.1986).
 
 
 16
 In this appeal, however, we cannot address the Suazos' claim of ineffective assistance of counsel. An alien may not make such a claim for the first time on review, but must first present his or her claims to the BIA. Roque-Carranza v. INS, 778 F.2d 1373 (9th Cir.1985). To pursue their claim of ineffective assistance, the Suazos should file a motion to reopen before the BIA. Their motion should comport with the requirements of Matter of Lozada, 19 I & N Dec. 637; 1988 BIA LEXIS 19.
 
 
 17
 Because a motion to reopen does not grant an automatic stay of deportation, compare 8 U.S.C. § 1105a)(a)(3) (automatic stay of deportation during pendency of petition for review) with 8 C.F.R. § 3.8(a) (no such stay during pendency of motion to reopen), we stay the mandate in this case for sixty days to allow the Suazos to file a motion to reopen. If the Suazos file such a motion, the mandate shall not issue until the BIA has ruled on it. See Roque-Carranza, 778 F.2d at 1374.
 
 
 18
 PETITION FOR REVIEW DENIED; STAY OF MANDATE ORDERED.