995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor LESAGE-MOLINA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70477.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided June 3, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 On January 23, 1991, an immigration judge found petitioner Victor Lesage-Molina, a native and citizen of Nicaragua, deportable and ineligible for political asylum and granted him voluntary departure from the United States. The Board of Immigration Appeals ("BIA") summarily dismissed petitioner's appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) and denied his request for oral argument. We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We AFFIRM.
 
 DISCUSSION
 
 3
 Although this circuit has not clearly articulated the standard of review for summary dismissals of appeals, we have upheld summary dismissals by the BIA if "appropriate" in a particular case. Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992); Martinez-Zeleya v. INS, 841 F.2d 294, 295 (9th Cir.1988) (citations omitted)).
 
 
 4
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may unanimously dismiss an action if the petitioner fails to specify the reasons for the appeal in the notice of appeal. The BIA has strictly construed this provision concerning the degree of specificity required. Toquero, 956 F.2d at 195 (discussing Matter of Valencia, Int.Dec. 3006, 2-3 (BIA 1986)). We have held that summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement and inadequately informs the BIA of " 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zeleya, 841 F.2d at 295 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (10th Cir.1985)). Pro se petitioners are held to the same strict standard. Nazakat v. INS, 981 F.2d 1146, 1148 (10th Cir.1992); Bonne-Annee v. INS, 810 F.2d 1077, 1078 (11th Cir.1987).
 
 
 5
 Although petitioner's notice of appeal pointed to the specific facts at issue, "it failed to explain how the immigration judge erred in making his factual findings or interpreting the evidence." Nazakat, 981 F.2d at 1148. The statements in the notice of appeal failed to cite any legal authority and in no meaningful way apprised the BIA of the legal or factual basis for his appeal. See Toquero, 956 F.2d at 195. Because it is unclear which aspect of the immigration judge's decision petitioner is challenging, the BIA " 'was left guessing at how and why petitioner thought the court had erred.' " Id. (quoting Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988)).
 
 
 6
 Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate". See Toquero, 956 F.2d at 194-96, Martinez-Zeleya, 841 F.2d at 296.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3