9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Margarita REYES-SOTO, Margarita Ramos-Reyes, Fernando
Ramos-Reyes, Maria Eugenie Ramos-Reyes, Ernesto
Ranos-Reyes, Petitioners-Appellants,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 93-9517.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is a Petition for Review of an Order of Deportation entered by the Board of Immigration Appeals. The sole question to be decided is whether petitioners timely appealed the decision of the Immigration Judge. We hold they did not and affirm the Board's order.
 
 
 3
 Petitioners are natives and citizens of Mexico. The Immigration and Naturalization Service entered an order requiring petitioners to show cause why they should not be deported as aliens who illegally entered the United States. A hearing was held and petitioners were represented by counsel. At the conclusion of the hearing, petitioners were granted voluntary departure and correctly informed their appeal date would expire at the close of business on August 7, 1993, a Friday.
 
 
 4
 Counsel for petitioners filed the notice of appeal and the filing fee on August 10, the following Monday. The Board held the appeal untimely, ruled the appeal was not properly before the Board, and dismissed the appeal.
 
 
 5
 We review Board of Immigration Appeals summary dismissal of an appeal for abuse of discretion. Nazakat v. I.N.S., 981 F.2d 1146, 1148 (10th Cir.1992).
 
 
 6
 Petitioners appeal this decision with a litany of unsupported facts. We quote from Petitioners' brief:
 
 
 7
 Petitioners' Counsel's secretary attempted to file the appeal on the Friday afternoon, but due to unforeseen circumstances was unable to do so. It is Counsel's recollection, that the Petitioners provided cash for the filing fee. This is unacceptable to the Immigration Service and the clients were forced to go out and to attempt to purchase a bank check. Counsel's secretary then had problems due to various road construction delays....
 
 
 8
 This drive ... can be made, in good traffic conditions, in twenty minutes; with bad traffic conditions it can take an hour.
 
 
 9
 For some time period the Immigration Service office had been open until 3:30 p.m. At some point, the ... Service office began opening at 7:30 a.m. and closing at 2:30 p.m. .... [T]his change ... occurred between one and two years ago.... The change in hours ... resulted in the Petitioners being unable to file their appeal timely.
 
 
 10
 Without citing any authority, petitioners assert the appeal filing process denied them due process.
 
 
 11
 Counsel for petitioners is arguing some form of excusable neglect. Petitioners are making this argument in the first instance to this court. Counsel's plea must fall upon deaf ears, for even if we were to accept this version of the facts, it does not constitute excusable neglect. Nowhere is it said counsel relied upon the former hours of operation; nowhere is it said if or when the secretary actually arrived to deliver the notice of appeal; nowhere is it said cash was in fact refused; and, nowhere is it said petitioners applied either to the Immigration Judge or to the Board for relief in the first instance. See 8 U.S.C.A. 1105a(a)(4) (petition for review "shall be determined solely upon the administrative record upon which the deportation order is based") and (c); Young v. United States Dept. of Justice, I.N.S., 759 F.2d 450 (5th Cir.) (failure to assert claim below bars our consideration of it on appeal), cert. denied, 474 U.S. 996 (1985).
 
 
 12
 It is indeed regrettable petitioners were denied their appeal to the Board of Immigration Appeals. Petitioners have also failed to even mention the merits of their appeal. We are left asking if there existed some arguable basis to their appeal or if the appeal was simply to buy time. Assuming the power exists, this court is reluctant to set aside the Board's judgment if the only result would be delay. Ka Fung Chan v. I.N.S., 634 F.2d 248, 258 (5th Cir.1981) (to show "denial of due process in an administrative proceeding requires a showing of substantial prejudice").
 
 
 13
 Petitioners admit their notice of appeal to the Board of Immigration Appeals was untimely. This court does not sit as a court of equity to waive administrative rules. Townsend v. United States Dept. of Justice I.N.S., 799 F.2d 179, 182 (5th Cir.1986) (even where application for asylum had substantial merit, failure to perfect appeal was failure to exhaust administrative remedies). The applicable rules allow a party ten days to take an appeal from the decision of an Immigration Judge. See 8 C.F.R. 3.3(a) and 8 C.F.R. 242.21 (1993). Petitioners were allowed their ten days. Petitioners have failed to persuade this court that they have been deprived of due process or equal protection as a result.
 
 
 14
 The judgment of the Board of Immigration Appeals dismissing petitioners' appeal due to untimely filing of their notice of appeal is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3