21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Caesar Kofi AGYEPONG, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9559.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument. We grant Mr. Agyepong permission to proceed in forma pauperis and affirm.
 
 
 2
 Petitioner Caesar Kofi Agyepong, a citizen of Ghana, entered the United States without a valid immigrant visa or other entry documentation. Mr. Agyepong sought political asylum in the United States, but the immigration judge denied this request and ordered the deportation of Mr. Agyepong.
 
 
 3
 Mr. Agyepong filed a timely notice of appeal with the Board of Immigration Appeals ("BIA") on February 26, 1993. The notice of appeal included a short written statement and indicated that Mr. Agyepong would also file a brief in support of his appeal. On April 16, 1993, one day after the brief was due, Mr. Agyepong's attorney filed a notice of appearance and requested an extension so she could file a brief. The immigration judge extended the brief deadline to May 10, 1993.
 
 
 4
 Petitioner failed to file a supporting brief by May 10, but instead requested another extension. The immigration judge denied the motion for a second extension, noting that the motion could be renewed before the BIA.
 
 
 5
 On July 15, 1993, the BIA summarily dismissed Mr. Agyepong's appeal pursuant to 8 C.F.R. 3.1(d)(1-a)(i)(A) & (E) (1993). Mr. Agyepong had failed to file a brief in support of his appeal and his notice of appeal failed to identify in a meaningful way the basis for his appeal. Mr. Agyepong now appeals that decision. For the reasons set forth below, we will affirm.
 
 II
 
 6
 We review a summary dismissal by the BIA for abuse of discretion. Nazakat v. INS, 981 F.2d 1146, 1148 (10th Cir.1992). The BIA did not abuse its discretion by summarily dismissing Mr. Agyepong's appeal in this case.
 
 
 7
 The BIA may summarily affirm the decision of the immigration judge and dismiss an appeal when the party indicates that he will file a supporting brief and fails to do so or does not adequately explain this failure. 8 C.F.R. 3.1(d)(1-a)(i)(E). Summary dismissal is also appropriate if the party fails to adequately specify the grounds for his appeal. 8 C.F.R. 3.1(d)(1-a)(i)(A). Either regulation justifies the BIA's dismissal of Mr. Agyepong's appeal.
 
 
 8
 Mr. Agyepong's brief was due on April 15, 1993. The immigration judge granted Mr. Agyepong an extension after this deadline passed, and Mr. Agyepong failed to meet this deadline as well. Mr. Agyepong instead filed for a second extension, and the immigration judge denied this request. Mr. Agyepong could have renewed his motion for an extension before the BIA, but he did not.
 
 
 9
 Mr. Agyepong had several opportunities to file his brief. He failed to do so; therefore the BIA appropriately dismissed his appeal and did not abuse its discretion.
 
 
 10
 Mr. Agyepong's notice of appeal also failed to adequately specify the grounds of his appeal. The BIA has strictly construed the specificity requirement. Nazakat, 981 F.2d 1148. The notice of appeal must identify the errors of the immigration judge and should inform the BIA whether the party is alleging errors of fact, errors of law, or both. Id. Mr. Agyepong's notice of appeal and written statement fail to satisfy these requirements.
 
 
 11
 Mr. Agyepong's notice of appeal complains about the Rawlings government in Ghana, but no connection is made to any error in the immigration judge's decision. Mr. Agyepong also refers to the immigration judge's reliance on the Bureau of Human Rights and Humanitarian Affairs letter in rejecting Mr. Agyepong's request for political asylum, but does not state why this constitutes error. These generalized statements fail to specify the grounds for Mr. Agyepong's appeal; therefore summary dismissal was appropriate.
 
 
 12
 Mr. Agyepong also raises several other issues on appeal, claiming that the lack of interpreter at his hearing and the fact that he was not represented by counsel amount to violations of due process. We need not address these issues because they were not raised before the BIA. Failure to raise an issue when appealing to the BIA amounts to a failure to exhaust administrative remedies; therefore this court lacks jurisdiction to consider it. Rivera-Zurita v. INS, 946 F.2d 118, 120 n. 2 (10th Cir.1991).
 
 
 13
 We are not persuaded the BIA abused its discretion by summarily dismissing Mr. Agyepong's appeal. The judgment of the BIA is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470