52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammad TARIVEH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.*
Decided April 5, 1995.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and HUFF,** District Judge
 
 
 2
 MEMORANDUM***
 
 INTRODUCTION
 
 3
 In February 1982, the petitioner pleaded guilty to statutory rape. Consequently, in April 1982, the petitioner was served with an order to show cause, asserting the petitioner was subject to deportation for committing a crime involving moral turpitude. In the deportation proceedings, the petitioner alleged that the crime of statutory rape is not a crime of moral turpitude. The Immigration Judge disagreed, and the petitioner appealed the decision to the Board of Immigration Appeals ("BIA").
 
 
 4
 During the pendency of the appeal, the parties stipulated to remand the action for a determination whether the petitioner was entitled to a waiver of deportation because he had resided continuously in the United States for seven years. The Immigration Judge found the petitioner was not entitled to this relief. The petitioner appealed to the BIA. The BIA summarily dismissed the appeal because the petitioner allegedly failed to specify the grounds for appeal. The petitioner now appeals to this court.
 
 
 5
 We conclude that the petitioner did not adequately specify how the Immigration Judge erred. Thus, the BIA's summary dismissal was appropriate. We also conclude that the issue of political asylum is not before us. Accordingly, we affirm the BIA's summary dismissal of the petitioner's appeal.
 
 BACKGROUND
 
 6
 The petitioner is a native of Iran, is approximately thirty-seven years old, and is currently residing in Washington with his ex-wife, Shawna Tariveh, and their two children. He was admitted to the United States as a permanent resident in August 1979, on the basis of his marriage to his first wife, Nikki Wylie. The petitioner's mother currently resides in Iran. His father was apparently executed in Iran because of his involvement with Svaak, the secret police of the Shah of Iran.
 
 
 7
 Upon entering the United States, the petitioner lived in Texas and began employment as a waiter. He subsequently went to work for Fun Time Ice Cream Co., selling ice cream from a truck.
 
 
 8
 On July 31, 1981, while residing in Texas, the petitioner was arrested for statutory rape. On February 26, 1982, the petitioner pleaded guilty to "Rape of a child younger than 17 years, a second degree felony...." The Texas court sentenced the petitioner to three years in confinement.
 
 
 9
 On April 1, 1982, an Order to Show Cause was issued, which charged the petitioner was subject to deportation, pursuant to section 241(a) of the Immigration and Nationality Act. 8 U.S.C. Sec. 1251(a)(2)(A)(i). Specifically, the order alleged that the petitioner was subject to deportation because he had been convicted of statutory rape. Section 241(a)(4) provides that an alien is deportable if the alien "is convicted of a crime involving moral turpitude committed within five years after the date of entry, and ... sentenced to confinement ... for one year or longer...."
 
 
 10
 On August 28, 1984, a hearing was held in Texas before an Immigration Judge to determine whether the petitioner should be deported. The petitioner admitted the factual allegations supporting the conviction, but argued that the crime of statutory rape is not a crime involving moral turpitude. At this time, the petitioner was represented by counsel. The Immigration Judge who presided over this hearing closed the matter for a decision, but did not render a decision.
 
 
 11
 The case was reassigned to another Immigration Judge, who held an additional hearing on January 29, 1986. During this hearing, the Immigration Judge offered the parties the choice of either a de novo hearing or the entry of a final decision after review of the record. Both parties stipulated to issuance of a decision after plenary review. The petitioner was represented by the same counsel during these proceedings.
 
 
 12
 On February 19, 1986, the Immigration Judge issued a decision finding that the crime of statutory rape constitutes a crime involving moral turpitude. The court noted, "The record does not contain any applications for relief from deportation." The petitioner also did not designate a country of deportation. Thus, the petitioner was ordered deported to his country of nationality and citizenship, Iran.
 
 
 13
 On March 14, 1986, the petitioner appealed the decision to the BIA. In his appeal, the petitioner argued only that the crime was not a crime of moral turpitude. During the pendency of his appeal, the petitioner became eligible for a waiver of deportation pursuant to section 212(c). The petitioner was eligible for this waiver because, by this time, the petitioner had established residency in the United States as a permanent resident for seven years. Consequently, the petitioner, through his counsel, filed a motion to remand the action to the Immigration Judge. The motion requested the proceedings be remanded "for the purpose of applying for discretionary relief pursuant to Section 212(c)...."
 
 
 14
 The government did not oppose the motion to remand to determine the section 212(c) issue. The government, however, did oppose the reopening of the action. On June 16, 1989, the BIA remanded the action "to permit the [petitioner] to apply for section 212(c) relief."
 
 
 15
 The Immigration Judge rendered his decision on September 1, 1992. In his decision, the Immigration Judge weighed the applicable factors under 212(c) and found the adverse factors "far outweigh[ed] the favorable factors...." Accordingly, the court declined to award the petitioner relief under section 212(c).
 
 
 16
 On September 14, 1992, the petitioner filed an appeal to the BIA. In his notice of appeal the petitioner listed nine reasons for the appeal and stated he would not file a separate written brief or statement. The government moved the BIA to summarily dismiss the appeal. The petitioner did not respond to the government's motion.
 
 
 17
 On March 10, 1993, the BIA summarily dismissed the appeal. The BIA found the petitioner had "in no meaningful way identified the basis for the appeal." Further, in his notice of appeal, the petitioner had listed "political asylum." Because the record did not reflect an application for asylum and because the petitioner did not offer an explanation for his failure to file an application for political asylum, the BIA declined to address whether the petitioner is eligible for asylum. On May 26, 1993, the petitioner filed a timely notice of appeal to this court.
 
 DISCUSSION
 A. BIA'S SUMMARY DISMISSAL OF APPEAL
 
 18
 The petitioner contends the BIA erred by summarily dismissing his appeal. The petitioner argues that his notice of appeal sufficiently informed the BIA of the basis of his appeal and why the Immigration Judge had erred. The petitioner's notice lists nine factors, but the BIA concluded the notice was not sufficiently specific as to how the Immigration Judge had erred in denying relief.
 
 
 19
 The BIA may summarily dismiss an appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i). Relevant to the present case, this section permits a summary dismissal if:
 
 
 20
 (A) The party concerned fails to specify the reasons for the appeal on ... [the] Notice of Appeal or other document filed therewith.
 
 
 21
 The BIA has applied a strict specificity requirement under this section. See Toquero v. INS, 956 F.2d 193, 195-96 (9th Cir.1992) (finding petitioner did not satisfy "rigorous" specificity requirement). We review summary dismissals by the BIA to determine whether they are "appropriate." Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985). Although we have not clearly articulated the extent of this standard of review, we have recently noted that other circuits review a summary dismissal under an abuse of discretion standard. Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994).
 
 
 22
 As a general rule, summary dismissal is appropriate if "an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) (quoting Reyes-Mendoza, 774 F.2d at 1364-65). In Toquero, the Immigration Judge found the petitioner would not suffer extreme hardship if deported and, consequently, denied the request for a suspension of deportation. The petitioner, through counsel, filed a notice of appeal which stated:
 
 
 23
 The Immigration Judge erred in denying Respondent's application for suspension as the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines.
 
 
 24
 In the notice of appeal, the petitioner indicated an intention to file a separate brief. The petitioner failed to file a timely brief, which led the government to file a motion for summary dismissal. The petitioner did not respond or file a brief. Consequently, the BIA summarily dismissed the appeal.
 
 
 25
 We affirmed the summary dismissal. We concluded the notice did not satisfy the specificity requirement because the notice did not set forth the "particular details contested" and did not describe "how the evidence established extreme hardship and why the IJ erred...." Toquero, 956 F.2d at 195. We concluded that the generalized statements in the notice did not sufficiently apprise the BIA of the disputed facts and, thus, forced the BIA to speculate as to why the Immigration Judge had erred. Id.
 
 
 26
 The notice of appeal in Reyes-Mendoza was more conclusory. The notice simply stated, "Wrongful denial of suspension of deportation." Reyes-Mendoza, 774 F.2d at 1364. We concluded that summary dismissal was appropriate. Id. at 1365.
 
 
 27
 Finally, in Martinez-Zelaya, the petitioner appeared at a consolidated hearing and admitted to entering the United States without inspection. The Immigration Judge informed the petitioner she could file a petition for asylum or a withholding of deportation. Martinez-Zelaya, 841 F.2d at 295. Because the petitioner failed to file a petition, the Immigration Judge ordered the petitioner to depart voluntarily or be deported. The petitioner filed a notice of appeal stating that the attorney who appeared on her behalf at the consolidated hearing did not do so with her consent and that she was denied effective assistance of counsel. Id. We concluded summary dismissal was appropriate becuase the petitioner did not present facts explaining why the attorney was not authorized to represent her. Id. at 296.
 
 
 28
 In the present case, the petitioner listed certain facts, but did not state why the Immigration Judge had erred. Question number two on the notice of appeal stated:
 
 
 29
 Specify reasons for this appeal and continue on separate sheets if necessary. If the factual or legal basis for the appeal is not sufficiently described the appeal may be summarily dismissed.
 
 
 30
 In response to this question, the petitioner listed the following nine factors:
 
 
 31
 1. Political Asylum,
 
 
 32
 2. Desire a chance to take care of my family,
 
 
 33
 3. If returned to Iran I will be killed,
 
 
 34
 4. I need time to prove myself to the Judge,
 
 
 35
 5. I am beginning to support my family without the help of welfare--since one month ago,
 
 
 36
 6. Although my summer job is ending I am planning to obtain a winter job,
 
 
 37
 7. I am a very loving father to my children and I do not want to be separated from them,
 
 
 38
 8. I do plan to re-marry Shawna and I want to make our life better,
 
 
 39
 9. Children are two U.S. citizens.
 
 
 40
 The petitioner also marked a box on the notice indicating he would not file a separate written brief or statement.
 
 
 41
 These factors alone do not explain how the Immigration Judge erred. Although the court must liberally construe the pleadings of pro se litigants, Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), the petitioner's notice does not meaningfully show how the Immigration Judge erred in balancing the factors for a section 212(c) waiver. The petitioner presented only generalized and conclusory statements. The petitioner's notice of appeal forced the BIA to speculate as to the asserted grounds for appeal and why the petitioner believed the Immigration Judge had erred. Under these circumstances, we conclude the BIA did not err by summarily dismissing the appeal.
 
 
 42
 The present case is distinguishable from our recent decision in Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). In Padilla-Agustin, the petitioner was denied his procedural due process rights because he did not receive adequate notice that the BIA was considering a summary dismissal of his appeal. Id. at 972. The BIA did not notify the petitioner and the petitioner did not receive timely notice of the government's motion to dismiss the petition on frivolousness grounds. Id. at 973. Thus, the petitioner did not have any warning that the BIA was considering a summary dismissal of the petitioner's appeal. We concluded:
 
 
 43
 when EOIR-26,[1] the BIA's standards of specificity, and the practice of dismissing appeals without notice are linked, that concatenation is so misleading that it can result in a denial of due process to the alien.
 
 
 44
 Id. at 978.
 
 
 45
 In reaching this conclusion, we relied in part on Nazakat v. INS, 981 F.2d 1146 (10th Cir.1992). In Nazakat, the Tenth Circuit also expressed discomfort with the BIA's notice of appeal form. In that case, however, the Tenth Circuit concluded the petitioner had not been deprived of his procedural due process rights because the Immigration Judge had orally informed the petitioner of the need to be specific in completing the notice of appeal form.
 
 
 46
 In the present case, the government timely served the petitioner with its papers requesting the BIA summarily dismiss the appeal. The government's papers expressly stated that the reason for the requested dismissal was the petitioner's failure to specify the grounds for his appeal or how the Immigration Judge had erred. The government's papers stated:
 
 
 47
 As [petitioner's] notice of appeal sets out only very general and non-specific allegations, without any guidance or direction as to what might be in error, it is legally insufficient.
 
 
 48
 Thus, the petitioner had notice that the BIA was considering a summary dismissal of his appeal. The petitioner did not respond to the government's motion despite an opportunity to do so.
 
 
 49
 Further, on appeal to this court, the petitioner does not assert he was without notice the BIA was considering a summary dismissal of his appeal. The petitioner's argument is limited to an assertion that his notice of appeal provided sufficient detail to apprise the BIA of the alleged errors by the Immigration Judge and, thus, satisfied the specificity requirement. Accordingly, because the petitioner had adequate notice of the possibility of a summary dismissal, Padilla-Agustin does not mandate a reversal. Further, because we conclude the petitioner's notice of appeal was not sufficiently specific, we affirm the BIA's summary dismissal of the appeal.
 
 B. POLITICAL ASYLUM
 
 50
 The petitioner also asserts the Immigration Judge erred by failing to inform him of his ability to file an application for political asylum, as required by 8 C.F.R. Sec. 242.17(c)(2). We reject this argument because the record demonstrates the petitioner was aware of his opportunity to file an application for asylum, but has yet to file an application for political asylum.
 
 
 51
 During a bond redetermination hearing on June 10, 1983, counsel for the petitioner stated in the presence of the petitioner, "Ultimately, his release may be through an application for Withholding of Deportation and Asylum." At the next hearing, on August 28, 1984, held to determine if the petitioner was subject to deportation, the Immigration Judge stated the following:
 
 
 52
 JUDGE: You will ... you will stipulate with me that you have advised your client and will advise him further during the Proceeding as to all his rights in Deportation Proceedings making it unnecessary for me to elaborate?
 
 
 53
 COUNSEL: Yes.
 
 
 54
 The petitioner is "bound by the conduct of [his] attorney[ ], including admissions made by [her], absent egregious circumstances." Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir.1986); see also Rodriguez-Gonzalez v. INS, 640 F.2d 1139, 1141 (9th Cir.1981). The petitioner has not presented any facts constituting egregious circumstances and has not asserted he received ineffective assistance of counsel.
 
 
 55
 Further, the petitioner has had approximately eleven years to file an application for political asylum, but has failed to do so. The petitioner has not made any allegations that he was unaware of his opportunity to file for political asylum or that his counsel failed to inform him of this opportunity. Under these unique circumstances, we conclude the political asylum issue is not properly before us until the petitioner files an application for political asylum and it is ruled upon by the administrative authorities.
 
 
 56
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Form EOIR-26 is the BIA's notice of appeal form which the petitioner used in the present case