**Kadri REDZEP, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

**No. 02–1133.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 7, 2002.

Decided Aug. 26, 2002.

Before BAUER, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

Kadri Redzep is a 59–year–old Macedonian of Turkish extraction who overstayed his six month tourist visa in this country. In 1995, the Immigration and Naturalization Service ("INS") served him with an order to show cause why he should not be deported pursuant to 8 U.S.C. § 1251(a)(1)(C)(i) (1995) (now 8 U.S.C. § 1227(a)(1)(C)(i)). Redzep refused to concede deportability, but admitted that he had overstayed his visa. He then sought asylum or a withholding of deportation, 8 U.S.C. §§ 1158, 1253(h) (1995), claiming that he had suffered past persecution in Macedonia and that racism against Turks and Macedonia's suffering economy caused him to fear future persecution if he were returned. After a hearing, an immigration judge ("IJ") found that Redzep and his counsel had offered insufficient evidence of past persecution and that his fear of future of persecution was not well-founded because it was based only on the generalized discrimination all Turkish Muslims experience in Macedonia.

Redzep, still through counsel, appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On his notice of appeal form, he checked a box indicating that he would file a separate brief arguing for reversal of the IJ's decision. The following warning appears in a bold-faced box immediately below the box that Redzep checked:

!WARNING: Your appeal may be summarily dismissed if you indicate . . .

that you will file a separate brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

Immediately below this warning, Redzep's counsel signed and dated the notice of appeal form.

Redzep submitted his notice of appeal in November 1999. In July 2001, his counsel received notice that he had until August 22, 2001, to submit the promised brief. On August 21, 2001, counsel filed for an extension of time. The BIA granted the extension, giving Redzep until September 12, 2001, to file his brief. Neither Redzep nor his counsel filed a brief or statement, however, and in December 2001, the BIA summarily dismissed Redzep's appeal pursuant to 8 C.F.R. § 3.1(d)(2)(i)(D).[1]

Although Redzep has appealed this dismissal, he has presented no cogent argument counseling against affirmance. It is true that we prefer to hear cases on the merits. *See Doherty v. City of Chicago,* 75 F.3d 318, 324 (7th Cir.1996). But it is also true that not filing a brief is a "serious procedural default," one that we have said justifies dismissal ·in a case directly on point. *See Stroe v. INS,* 256 F.3d 498, 499 (7th Cir.2001); *see also Nazakat v. INS,* 981 F.2d 1146, 1148–49 (8th Cir.1992); *Toquero v. INS,* 956 F.2d 193, 196–97 (9th Cir.1992). In the absence of any attempt to explain his failure to file a brief before the BIA, we must AFFIRM the BIA's dismissal of Redzep's petition.

---

**1.** "The Board may summarily dismiss any appeal or portion of any appeal in any case in which:

. . .

(D) The party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing . . .".