Joseph R. BONNE–ANNEE, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 86–5422
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 23, 1987.

Ira J. Kurzban, Kurzban, Kurzban, Weinger & Holtsberg, Miami, Fla., Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for petitioner.

Donald A. Couvillon, Office of Immigration Litigation Dept. of Justice, Allen W. Hausman, Eloise Rosas, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before HATCHETT and CLARK, Circuit Judges, and TUTTLE *, Senior Circuit Judge.

PER CURIAM:

On March 5, 1985, an immigration judge found petitioner Joseph Bonne-Annee deportable and ineligible for political asylum, and granted him voluntary departure from the United States. The Board of Immigration Appeals (BIA) summarily dismissed petitioner's appeal and denied his request for oral argument. We affirm.

Subsequent to the immigration judge's decision, Bonne-Annee's counsel withdrew from the case. On March 15, 1985, Bonne-Annee, proceeding pro se, filed a notice of appeal to the BIA using Form I–290A. The notice of appeal directed petitioner to "[b]riefly, state reasons for this appeal," [1] and he stated that the judge "was incorrect in finding me deportable," "was incorrect in denying my political asylum application," and "was wrong in denying my motion for a continuance and my motion for Interrogatory [sic]." Bonne-Annee requested oral argument and indicated that he would file a separate written brief or statement. However, Bonne-Annee never submitted additional documentation, and the only information before the BIA concerning the grounds for appeal was the general statement in the notice of appeal. On April 16, 1986, the BIA summarily dismissed Bonne-Annee's appeal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i) because he had failed to identify adequately the basis of his challenge to the immigration judge's decision.

The regulations permit the BIA to summarily dismiss appeals in four circumstances, including any case where "the party concerned fails to specify the reasons for his appeal on Form I–290A (Notice of Appeal)." 8 C.F.R. § 3.1(d)(1–a)(i). When a petitioner, proceeding through a representative or pro se, fails to apprise the Board of the specific grounds for his appeal, whether by specifying the reasons in the notice of appeal *or* by submitting an additional statement or brief, summary dismissal is appropriate. *See Townsend v. INS,* 799 F.2d 179 (5th Cir.1986); *Reyes-Mendoza v. INS,* 774 F.2d 1364 (9th Cir.1985); *In re Valencia,* Interim Dec. No. 3006 (B.I.A. 1986). Otherwise the BIA is left to speculate whether petitioner challenges erroneous findings of fact or law, or both.

Bonne-Annee failed to provide the BIA with sufficient information regarding the specific grounds of his appeal. Although Bonne-Anne had more than one year in which to submit additional documentation to supplement the extremely brief statement contained in his notice of appeal, he failed to do so. Accordingly, summary dismissal is appropriate.

AFFIRMED.

---

* *See* Rule 3, Rules of U.S. Court of Appeals for the Eleventh Circuit.

1. Instructions on the reverse side of Form I–290A state that the BIA "may deny oral argument or summarily dismiss any appeal in any deportation proceeding in which (i) the party concerned fails to specify the reason for his appeal on the reverse side of this form...."