Juan Antonio
MEDRANO–VILLATORO, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 88–4514
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1989.

Joshua Turin, Cazorla, Bates & Turin, Dallas, Tex., for Medrano–Villatoro.

Richard Thornburgh, Atty. Gen., Carl H. McIntyre, Alice M. Smith, David J. Kline, Robert L. Bombough, Dir., Office of Immigration Litigation, Civ. Div., Washington, D.C., for I.N.S.

Ronald Chandler, Dist. Dir., I.N.S., Dallas, Tex., B.Z. Caplinger, Dist. Dir., I.N.S.,

New Orleans, La., for other interested parties.

Before REAVLEY, POLITZ and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

The petitioner, a citizen of El Salvador, applied for asylum and withholding of deportation on the basis of his fear of persecution by communist rebels should he be returned to El Salvador. The immigration judge denied relief, holding that the petitioner had not met his burden of proving that he had a well-founded fear of persecution or that such persecution was more likely than not. The Board of Immigration Appeals (BIA) summarily dismissed the petitioner's appeal. We reverse and remand.

The petitioner was a relatively prominent member of his local community in El Salvador. He served as mayor of his local area from 1974 to 1976, was relatively active in a pro-government, anti-communist political party, and was elected Justice of the Peace for his area in 1983. By 1983, however, his area had fallen under the control of the communist rebels, and the petitioner thought it necessary to go to the rebel headquarters, where he asked for and received permission to accept the post of Justice of the Peace. Sometime after the petitioner became Justice of the Peace the guerrillas stole some of his cattle. In December of 1983, several guerrilla soldiers came to the petitioner's house in the middle of the night and demanded money. One of the guerrillas fired a shot into the house and struck the petitioner's wife in the head, although the wound was apparently not very serious. The soldiers fled when they heard her screams. The petitioner then left El Salvador for the United States, leaving his wife to convalesce in San Salvador with their children. Since arriving in the United States, the petitioner has heard that his sister had been kidnapped by the rebels, but was released after a moderate ransom was paid.

The immigration judge found that the petitioner had not met his burden of proving a well-founded fear of persecution or the reasonable likelihood of persecution. The immigration judge held that there was no evidence that the actions of the rebels were directed particularly at the petitioner or were motivated by anything other than the need for funds. The petitioner filed a Form I-290A Notice of Appeal to the BIA. The petitioner listed nine reasons for the appeal including the following:

(6) The Decision, in denying eligibility for consideration of Asylum and Withholding of Deportation, is divorced from the realities of El Salvador and the circumstances that precipitated Appellant's having to leave his home and country and that would face him there should he now have to return, as demonstrated and established by any fair assessment and understanding of the evidence, documentary and testimonial.

(7) The Decision denying eligibility for consideration of Asylum and denying Withholding of Deportation is in disregard of and contrary to the uncontroverted evidence establishing Appellant's well-founded fear of persecution in El Salvador, and the threats there to his life and freedom, because of who he was and is and what he had done, and on account of political opinion and membership in a particular social group.

The BIA summarily dismissed the appeal on the grounds that the petitioner failed to specify the reasons for the appeal in the notice of appeal, and that the appeal was frivolous and filed solely for the purpose of delay. *See* 8 C.F.R. § 3.1(d)(1–a)(i), (iv). The petitioner's notice of appeal indicated that he would file a separate, written brief or statement, but none was ever filed.

 Under 8 C.F.R. § 3.1(d)(1–a)(i), the BIA may summarily dismiss an appeal if "the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal)." The reasons for appeal must inform the BIA what was wrong about the immigration judge's decision and

why. *Martinez–Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir.1988); *Bonne–Annee v. INS*, 810 F.2d 1077, 1078 (11th Cir.1987); *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir.1986); *Reyes–Mendoza v. INS*, 774 F.2d 1364, 1365 (9th Cir.1985). The statement must specify whether the petitioner challenges erroneous findings of fact or law, or both. *Bonne–Annee*, 810 F.2d at 1078. If a question of law is presented, supporting authority must be cited; and if the dispute is on the facts, the particular details at issue must be identified. *Townsend*, 799 F.2d at 182 (citing *Matter of Valencia*, Interim Decision No. 3006 (BIA 1986)). Moreover, if the denial of discretionary relief is in question, the statement of reasons must disclose whether the alleged error relates to grounds of statutory eligibility or the exercise of discretion. *Id.* Although the petitioner could have set out his reasons for appeal at greater length in a brief or separate written statement, he was not required to do so. Nor was he required to fully argue his position in his notice of appeal. The petitioner's statement of reasons for appeal adequately apprised the BIA that the alleged error of the immigration judge was one of fact and was made in determining the petitioner's eligibility for asylum and withholding of deportation. The petitioner's statement of reasons for his appeal was sufficiently detailed to allow the BIA to determine the nature of the error and to guide the BIA in its preliminary assessment of the record. The BIA's summary dismissal of the appeal on the grounds that the petitioner failed to specify the reasons for the appeal was an abuse of discretion. Petitioner's statements may not have been models of clarity, but they were adequate for purposes of the notice of appeal in this case.

■ Under 8 C.F.R. § 3.1(d)(1–a)(iv), the BIA may summarily dismiss an appeal if it is "satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay." The BIA did not state whether it had made a review of the record as required by this section. Rather, the BIA held that the appeal was frivolous and filed solely for the purpose of delay because the petitioner's attorney of record had "established a consistent pattern of filing appeals similar to the one presently under consideration and then promising but not filing a written brief or statement." The BIA then cited in a footnote to other cases that "evidenced this pattern," cases involving the same attorney but not the same client. If these statements were the sole grounds of the BIA's summary dismissal, we would be forced to hold that the BIA's decision was arbitrary and capricious. The filing of a brief is not mandatory and the failure to file a brief cannot be the sole basis of a finding that the appeal is frivolous. Furthermore, summary dismissal on the grounds that the appeal is frivolous must be based on a review of the record, not on a "consistent pattern" of behavior by the appellant's attorney, even when that pattern of behavior is annoying to the BIA. While we acknowledge the appropriateness of disciplining attorneys who promise to file briefs and then refuse to do so, summarily dismissing the potentially meritorious appeals of the clients of those attorneys is not the proper method of sanctioning an abuse of the appellate process.

Because the record does not reveal whether the BIA made the required review of the record, and because the BIA stated no valid grounds for its action in the case, we reverse the BIA's summary dismissal. Furthermore, because we cannot say that this appeal is clearly frivolous, we remand the appeal to the BIA for consideration on the merits.

REVERSED and REMANDED.