974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward GORALSKI, Petitioner,
v.
BOARD OF IMMIGRATION APPEALS EXECUTIVE OFFICE FOR
IMMIGRATION and Immigration and Naturalization
Service, Respondents.
 No. 91-1340.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Aug. 18, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Polish citizen Edward Goralski seeks asylum in the United States. After unsuccessfully pursuing his case before an Immigration Judge (IJ), Goralski appealed to the Board of Immigration Appeals (BIA). The BIA dismissed the appeal because Goralski failed to specify his reasons for appealing. We affirm.
 
 I. BACKGROUND
 
 2
 Goralski originally entered the United States an a non-resident visitor, authorized to remain in the country until November 20, 1986. Goralski overstayed his visa, and on September 8, 1987, he applied for political asylum. After the asylum request was denied, Goralski was asked to show cause why deportability was inappropriate.
 
 
 3
 At the subsequent proceedings before an IJ, Goralski conceded deportability but requested asylum and withholding of deportation. The IJ declined these requests, basing his decision on two alternate grounds: (1) Goralski's failure to establish a well-founded fear of persecution and (2) his lack of credibility and corroborating evidence.
 
 
 4
 Goralski appealed the IJ's decision to the BIA by submitting a Notice of Appeal Form. One part of the form asked Goralski to "Briefly, state reasons for this appeal." In response, Goralski stated:
 
 
 5
 The Immigration Judge, although citing Gardoza-Fonseca and Mogharrabi did not give proper weight to the respondent's testimony which clearly indicated that he was involved in anti-government labor agitations since 1968, which activities [sic] continued until the time he departed for the United States. His diverse arrests, detentions, beatings and harassments [sic] all through the years would leave a reasonable fear of persecution should he be obliged to be forcibly returned to Poland.
 
 
 6
 An the bottom of the same form, Goralski indicated that he would file a written brief that further explained his reasons for appeal.
 
 
 7
 Goralski's attorney never filed a brief. Instead, nine months after the notice of appeal, the attorney filed a "motion to dispense with oral argument and waiver of brief." The motion explained that the attorney could not file a brief because of Goralski's refusal to cooperate. Two months later, the BIA dismissed the case for failure to identify the basis for appeal. See 8 C.F.R. § 3.1(d)(1-a)(i).
 
 II. ANALYSIS
 
 8
 The BIA may "summarily dismiss any appeal in any case in which" "the party concerned fails to specify the reasons for his appeal." 8 C.F.R. § 3.1(d)(1-a)(i). A party must specify his reasons either on the Notice of Appeal Form or in a separate brief. Bonne-Annee v. INS, 810 F.2d 1077, 1078 (11th Cir.1987).
 
 
 9
 The party should explain his reasons for appeal in a meaningful, intelligible way. Athehortua-Vanegas v. INS, 876 F.2d 238, 241 (1st Cir.1989). He must provide a particularized statement informing the BIA what "aspects of the decision were wrong and why." Toquero v. INS, 956 F.2d 193, 196 (9th Cir.1992); Townsend v. INS, 799 F.2d 179, 181 (5th Cir.1986) (generalized statements of the reasons for these appeals ... are totally inadequate"). The BIA has stated:
 
 
 10
 It should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 11
 Matter of Valencia, Interim Decision No. 3006, 2-3 (BIA 1986); Medrano-Villatoro v. INS, 866 F.2d 132, 134 (5th Cir.1989); see also Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 566 (1980) (we give respect to an agency's interpretation of its own regulations).
 
 
 12
 With these standards in mind, we must determine whether the BIA abused its discretion. Townsend, 799 F.2d at 182. The BIA does so if its decision "was made without a rational explanation, ... inexplicably departed from established policies, or ... rested on an impermissible basis." Vergara-Molina v. INS, 956 F.2d 682, 684 (7th Cir.1992). An example of an abuse of discretion is Medrano, where the BIA dismissed an appeal even though the applicant identified nine bases for review. Medrano, 866 F.2d at 133. Each reason was explained in a short paragraph that clearly explained the contested errors. Id. The Fifth Circuit reversed the BIA holding that "although the petitioner could have set out his reasons for appeal at greater length in a brief or separate written statement, he was not required to do so." Id. at 134.
 
 
 13
 In contrast to Medrano, the Fifth Circuit found no abuse of discretion in Townsend, 799 F.2d 179. In that case, the petitioner stated that he had "sufficiently established his 'well founded fear of persecution' according to present case law." Id. at 181. Townsend was given the opportunity to further explain his reasons in a brief, but he failed to do so. Id. The court therefore affirmed the dismissal of his appeal. See also Taquero, 956 F.2d at 194 (petitioner's statement that "The Immigration Judge erred in denying Respondent's application for suspension as the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines," is insufficient explanation of reasons).
 
 
 14
 Although Goralski's explanation is more detailed than Townsend's, dismissal also was appropriate. Goralski obviously challenges the judge's interpretation of the facts, but the exact nature of his challenge is uncertain. Goralski does not explain whether he is challenging the judge's credibility determination, his fear of persecution finding, or both decisions. This problem could have been corrected in a brief, but because no brief was filed, the ambiguities remain.
 
 
 15
 Finding no abuse of discretion, we AFFIRM the BIA's dismissal of Goralski's case.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs