989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maria I. CANDELO, Petitioner,
v.
BOARD OF IMMIGRATION APPEALS EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW and Immigration and
Naturalization Service, Respondents.
 No. 91-1527.
 United States Court of Appeals, Seventh Circuit.
 Submitted Mar. 2, 1993.*
Decided March 4, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 After an Immigration Judge (IJ) denied Maria Candelo discretionary relief from deportation, 8 U.S.C. § 1182(c), she appealed to the Board of Immigration Appeals (BIA). The BIA dismissed this appeal because Candelo had failed to specify her reasons for appealing. We affirm.
 
 I. BACKGROUND
 
 2
 Candelo is a Colombian citizen who immigrated to the United States in 1979. After Candelo was convicted of conspiring to distribute cocaine, 21 U.S.C. § 841(a)(1), the Immigration and Naturalization Service (INS) charged her with deportability under 8 U.S.C. § 1251(a)(11). At the subsequent proceedings before an IJ, Candelo conceded deportability but requested discretionary relief under 8 U.S.C. § 1182(c) ("Section 212(c)"). The IJ declined her request.
 
 
 3
 Candelo appealed the IJ's decision to the BIA by submitting a Notice of Appeal Form. One part of the form asked Candelo to "Briefly, state reasons for this appeal." In response, Candelo stated:
 
 
 4
 1. The Immigration Judge abused his discretion in denying the request of relief pursuant to Section 212(c) of the Immigration and Nationality Act.
 
 
 5
 2. The decision was contrary to law.
 
 
 6
 3. The decision was contrary to the manifest weight of the evidence.
 
 
 7
 At the bottom of the same form, Candelo requested thirty days to submit a brief that further explained her reasons for appealing. In response to Candelo's request, the BIA set a briefing schedule, but Candelo never filed a brief. The BIA consequently dismissed Candelo's case because she had failed to identify the basis for the appeal. See 8 C.F.R. § 3.1(d)(1-a)(i).
 
 II. ANALYSIS
 
 8
 The BIA may "summarily dismiss any appeal in any case in which "the party concerned fails to specify the reasons for his appeal." 8 C.F.R. § 3.1(d)(1-a)(i). A party may specify his reasons either on the Notice of Appeal Form or in a separate brief. Bonne-Annee v. INS, 810 F.2d 1077, 1078 (11th Cir.1987). Regardless of his chosen format, the party must provide an intelligible, particularized statement informing the BIA what "aspects of the decision were wrong and why." Toquero v. INS, 956 F.2d 193, 196 (9th Cir.1992); Athehortua-Vanegas v. INS, 876 F.2d 238, 241 (1st Cir.1989). The BIA has explained these requirements as follows:
 
 
 9
 It should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 10
 Matter of Valencia, Interim Decision No. 3006, 2-3 (BIA 1986).
 
 
 11
 A Fifth Circuit case provides an example of an acceptable statement of reasons. Medrano-Villatoro v. INS, 866 F.2d 132 (5th Cir.1989). In Medrano-Villatoro, the petitioner identified nine bases for review, including the following:
 
 
 12
 (6) The Decision denying eligibility for consideration of Asylum and denying Withholding of Deportation is in disregard of and contrary to the uncontroverted evidence establishing Appellant's well-grounded fear of persecution in El Salvador, and the threats there to his life and freedom, because of who he was and is and what he had done, and on account of political opinion and membership in a particular social group.
 
 
 13
 Id. at 133. Despite these fairly detailed bases for appeal, the BIA summarily dismissed the appeal. The Fifth Circuit, however, reversed, holding that "[t]he petitioner's statement of reasons for his appeal was sufficiently detailed to allow the BIA to determine the nature of the error and to guide the BIA in its preliminary assessment of the record." Id. at 134.
 
 
 14
 In contrast to Medrano, the BIA properly dismissed an appeal in Lozada v. I.N.S., 857 F.2d 10 (1st Cir.1988). Lozada had filed a notice of appeal stating that:
 
 
 15
 [t]he Judge abused his discretion in that: (a) His decision was against the weight of the evidence presented[;] (b) His decision was against the law controlling this case[; and] (c) His decision was arbitrary and capricious.
 
 
 16
 Id. at 11. Although Lozada promised to further explain these reasons in a brief, he failed to do so. Id. The BIA therefore dismissed his appeal, and the First Circuit affirmed. Id. at 13.
 
 
 17
 We rule similarly in Candelo's case, which is almost identical to Lozada's. Candelo's bare allegations--that the IJ "abused his discretion" and rendered a decision "contrary to law" and "contrary to the manifest weight of the evidence"--did not alert the BIA to the nature of her claims. Although Candelo intended to challenge both the factual and legal underpinnings of the IJ's decision, she never cited any "supporting authority" or discussed the "particular details contested." Valencia, Interim Decision No. 3006, 2-3 (BIA 1986). Candelo could have corrected these defects in a brief, but because no brief was filed, the vagaries remain.
 
 
 18
 After considering Candelo's weak legal position and the irrelevant arguments that she raises in her brief, we have determined that her appeal is frivolous under Federal Rule of Appellate Procedure 38. We, therefore, order Candelo's attorney to show cause why he (not his client) should not pay the appellee's costs, attorneys' fees, and other expenses for this appeal. The attorney must file his response within fifteen days of this decision. During this same period of time the appellees should provide to this court a statement of their costs, attorneys' fees, and other expenses that they reasonably have incurred in defending this appeal.
 
 
 19
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs