United States Court of Appeals,

Fifth Circuit.

No. 92-4643.

Juan Jose VERDUZCO-AREVALO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

April 27, 1993.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before POLITZ, Chief Judge, KING and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

Denied a waiver of deportation by an immigration judge, Juan Jose Verduzco-Arevalo seeks review of the summary dismissal of his appeal by the Board of Immigration Appeals. Finding an abuse of discretion, we grant the petition, reverse the BIA's summary dismissal, and remand the appeal to the BIA for consideration of the merits.

## Background

Verduzco, a Mexican national, was admitted to the United States as a lawful permanent resident in 1963. He married and had five children, all born in the United States. In October 1986 he was arrested for possession of cocaine. According to Verduzco, the charge stemmed from an incident in which an undercover agent invited him to sniff cocaine. He pled guilty to a violation of 21 U.S.C. § 844(a). The conviction subjected him to deportation under section 241(a) of the Immigration and Nationality Act[1] and in due course deportation was ordered. Verduzco sought a discretionary waiver of deportation pursuant to section 212(c) of the Act,[2] which was denied after hearing by an immigration judge. He timely appealed the denial to the BIA. The BIA summarily dismissed Verduzco's appeal on the grounds that he had failed to specify its basis.[3] Verduzco timely

[1]8 U.S.C. § 1251(a).

[2]8 U.S.C. § 1182(c).

[3]*See* 8 C.F.R. § 3.1(d)(1-a)(i).

petitioned for review.

Analysis

This appeal is governed by our decision in *Medrano-Villatoro v. I.N.S.*[4] There, we stated that an appeal to the BIA

> must inform the BIA what was wrong about the immigration judge's decision and why. The statement must specify whether the petitioner challenges erroneous findings of fact or law, or both. If a question of law is presented, supporting authority must be cited; and if the dispute is on the facts, the particular details at issue must be identified. Moreover, if the denial of discretionary relief is in question, the statement of reasons must disclose whether the alleged error relates to grounds of statutory eligibility or the exercise of discretion. Although [a] petitioner could ... set out his reasons for appeal at greater length in a brief or separate written statement, he [is] not required to do so. Nor [is] he required to fully argue his position in his notice of appeal.[5]

The grounds supplied in Verduzco's notice of appeal satisfy the threshold standards approved in *Medrano.* Verduzco has adequately specified his basis for appeal. The BIA erred in ruling otherwise.[6]

PETITION GRANTED, JUDGMENT REVERSED, AND CASE REMANDED.

---

[4]866 F.2d 132 (5th Cir.1989).

[5]866 F.2d at 133-34 (internal citations omitted).

[6]We express no opinion as to the merits of Verduzco's appeal. *Townsend v. I.N.S.,* 799 F.2d 179 (5th Cir.1986).