14 F.3d 595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tigist KETEMA, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1327.
 United States Court of Appeals, Fourth Circuit.
 Jan. 12, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A29-012-607)
 Michael Maggio, (Alison J. Brown, on brief), Maggio & Kattar, Washington, DC, for petitioner.
 David V. Bernal, Civ. Div., U.S. Dept. of Justice, Washington, DC, for respondent.
 Alison J. Brown, Maggio & Kattar, Washington, DC, for petitioner.
 Stuart E. Schiffer, Acting Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, Washington, DC, for respondent.
 I.N.S.
 VACATED AND REMANDED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tigist Ketema seeks review of the summary dismissal of her appeal to the Board of Immigration Appeals. The immigration judge inappropriately allowed Ketema's counsel to withdraw one month prior to the due date of her appellate brief. Moreover, the judge failed to notify Ketema of her counsel's withdrawal. Ketema claims that allowing her counsel to withdraw without giving her notice of the order permitting withdrawal impeded her ability to develop her contentions on appeal. Concluding that Ketema was prejudiced, we vacate the Board's order of dismissal and remand for further proceedings with directions to permit Ketema to file a brief within a reasonable time.
 
 
 2
 * Ketema, born in Ethiopia in 1962, entered the United States as an alien in 1986. The Immigration and Naturalization Service (INS) placed her in deportation proceedings in 1991 because she had violated the terms of her nonimmigrant student status. Although conceding deportability, Ketema sought asylum or withholding of deportation because, she asserted, the Ethiopian government had persecuted her for her political beliefs and activities and she feared further persecution if she returned to Ethiopia.
 
 
 3
 The immigration judge rejected Ketema's request for asylum and withholding of deportation. Counsel filed a timely notice of appeal to the Board.
 
 
 4
 One month before the appeal brief's due date Ketema's counsel moved to withdraw from the case and sent a copy of his motion to Ketema. The immigration judge granted the motion but did not notify Ketema who subsequently did not file a brief. After the due date for the brief passed, the judge forwarded the record to the Board. The Board summarily dismissed Ketema's appeal, declaring that the statements in the notice of appeal were insufficient to inform the Board of the immigration judge's errors that formed the grounds for relief.
 
 
 5
 Inasmuch as the Board dismissed Ketema's appeal on procedural grounds, this petition for review presents no occasion to discuss the merits of her case.
 
 II
 
 6
 We must consider whether the immigration judge failed to comply with INS regulations and whether this omission prejudiced interests of the alien that the regulations protected. Delgado-Corea v. INS, 804 F.2d 261 (4th Cir.1986).
 
 
 7
 The immigration judge improperly excused Ketema's counsel. Once the notice of appeal and notice of entry of appearance were filed, only the Board could grant the attorney's motion to withdraw. 8 C.F.R. Section 3.38(d). In addition, the immigration judge did not comply with 8 C.F.R. Sec. 292.5(a). He failed to notify Ketema that her counsel had been allowed to withdraw and consequently that she was responsible for submitting a brief.
 
 
 8
 Ketema filed no brief. Because her former counsel had not clearly set forth the reasons for the appeal in the notice of appeal, the Board summarily dismissed her appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A). Had Ketema filed the brief, the reasons for the appeal could have been clarified. A petitioner may present specific grounds of appeal either in the notice of appeal or in an additional statement or brief. Bonne-Annee v. INS, 810 F.2d 1077, 1078 (11th Cir.1987). The failure to file a brief is a significant factor in the Board's decision to summarily dismiss pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A). Toquero v. INS, 956 F.2d 193, 196 (9th Cir.1992). The improper withdrawal of counsel and the lack of notice of withdrawal prejudiced Ketema because the Board would unlikely have summarily dismissed her appeal if the brief had been filed.
 
 
 9
 The Board subsequently recognized the immigration judge's error, and it granted the motion to withdraw concurrently with its summary dismissal of Ketema's appeal. But this did not correct the prejudice suffered by Ketema due to the immigration judge's improper grant and lack of notice of withdrawal.
 
 
 10
 We vacate the Board's order of dismissal and remand this petition for review to the Board for further proceedings and direct it to permit Ketema to file a brief within a reasonable time to be fixed by the Board.
 
 
 11
 VACATED AND REMANDED.