IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60231
Conference Calendar
_____


ADNAN MUSTAFA ABU-OWN,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

                                        Respondent.


- - - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A70 524 932
- - - - - - - - - - -
(October 19, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.


PER CURIAM:[*]

    This court reviews the Board of Immigration Appeals' summary

dismissal of an appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i)(A)

for abuse of discretion.  Medrano-Villatoro v. I.N.S., 866 F.2d

132, 134 (5th Cir. 1989);  Townsend v. United States Dep't of

Justice I.N.S., 799 F.2d 179, 182 (5th Cir. 1986).  In Medrano-

Villatoro, this court held that:  1) the statement of reasons for

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

appeal must inform the BIA what was wrong about the Immigration Judge's decision and why; 2) the statement must specify whether the petitioner challenges erroneous findings of fact or law, or both; 3) if a question of law is presented, supporting authority must be cited, and if the dispute is on the facts, the particular details at issue must be identified; and 4) if the denial of discretionary relief is in question, the statement must disclose whether the alleged error relates to grounds of statutory eligibility or the exercise of discretion.  Medrano-Villatoro, 866 F.2d at 133-34.  Abu-Own's statement of reasons is not "sufficiently detailed to allow the BIA to determine the nature of the error and to guide the BIA in its preliminary assessment of the record."  Id. at 134.

Abu-Own argues that even if the notice of appeal was insufficient, the BIA abused its discretion in summarily dismissing the appeal for failure to "perfect the Notice of Appeal by failing to file a brief" because he was "effectively a pro se alien" at the time the brief was due and because a reasonable explanation for failure to file a brief was provided, namely, a breakdown of the attorney-client relationship.  Section 3.1(d)(1-a)(i)(E) provides, in relevant part that

> [t]he Board may summarily dismiss any appeal . . . in any case in which . . . [t]he party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.

§ 3.1(d)(1-a)(i)(E).  Abu-Own failed to file a brief in apparent violation of § 3.1(d)(1-a)(i)(E) after asserting he would do so.

Abu-Own does not dispute that he asked his counsel not to file a brief on his behalf.  Abu-Own's request of his counsel, that counsel refrain from filing a brief on his behalf, is not a "reasonable explanation" for Abu-Own's failure to file a brief for purposes of § 3.1(d)(1-a)(i)(E).  The summary dismissal of Abu-Own's appeal was not an abuse of discretion.

DISMISSED.