Jagir SINGH, Petitioner,

v.

Ronald SWAN, U.S. Immigration and Naturalization Service, Respondent.

No. 95–C–532.

United States District Court, E.D. Wisconsin.

Nov. 29, 1995.

Joseph Neterval, Esq., Milwaukee, WI, for petitioner.

William Lipscomb, Assistant U.S. Attorney, Milwaukee, WI, for respondent.

## DECISION AND ORDER

CALLAHAN, United States Magistrate Judge.

### Background

This is an immigration case. The parties have consented to magistrate judge jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73(b) Fed.R.Civ.P. The issue presented is whether the Bureau of Immigration Appeals ("BIA") erred in summarily dismissing the Petitioner's appeal to the BIA from the decision of an immigration judge denying his Application for Political Asylum and for Withholding of Deportation. The relevant facts for purposes of my decision in this case, and the procedural route which this case took in order to get to this Court are set out below.

The Petitioner, Jagir Singh ("Singh"), is a 42 year old native citizen of India. On March 15, 1993, Singh attempted to enter the United States through the Atlanta International Airport. He was detained and exclusion proceedings were commenced against

him.[1] He was transferred to the Harlingen, Texas, Immigration and Naturalization Services ("INS") District. During initial proceedings in Los Fresno, Texas, Singh conceded that he was subject to exclusion—because he did not possess valid entry documents. In lieu of exclusion and/or deportation to India, Singh requested asylum under 8 U.S.C. § 1158 and withholding of deportation under 8 U.S.C. § 1253(h). Singh's request for asylum and for withholding of deportation was denied by an immigration judge in Texas, following a hearing on September 9, 1993. From that denial, Singh appealed to the BIA on September 13, 1993.

Unfortunately, after Singh's appeal was filed, it was discovered that the tape recording mechanism for the hearing had malfunctioned, and, thus, there was no record concerning Singh's testimony or the immigration judge's decision. Therefore, the BIA, on November 5, 1993, remanded Singh's case to the Immigration Court for further proceedings.

In the interim (i.e., between the first appeal and the second hearing on his request for asylum and for withholding of deportation), Singh was released on a $7,500 bond and he moved to Milwaukee, Wisconsin. Upon his request, venue of his hearing before an immigration judge was transferred to Chicago, Illinois.

On August 25, 1994, a second hearing was conducted. This hearing was conducted before Immigration Judge Robert Vinikoor. At the conclusion of that second hearing, Immigration Judge Vinikoor denied Singh's Application for Political Asylum and for Withholding of Deportation.

On September 1, 1994, Singh filed a timely Notice of Appeal to the BIA. In so doing, he used the standard form EOIR–26, the title of which form is "Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge." In that Notice of Appeal, Singh, through his attorney, indicated that: 1) he was not currently detained and, 2) he did not desire oral argument before the BIA. He did not indicate one way or another

whether he would be filing a separate written brief or statement. However, in that section of the Notice of Appeal in which his reasons for appeal were to be specified, Singh stated the following:

> The Immigration judge erred in not making a finding that the applicant suffered past persecution based on his membership in a particular social group, that being a farmer's union. The Judge further erred in not finding the applicant suffered past persecution based on the applicant's imputed-political opinion and/or religious beliefs.

> The Judge also erred in finding that the applicant did not establish countrywide conditions making it impossible for him to relocate within his country and erred in finding that the applicant had a reasonable fear of persecution if he were returned to his country.

> The Judge further erred in excluding Exhibit No. 4.

On the reverse side of Form EOIR–26 there are a number of instructions governing the processing of an appeal to the BIA. Instruction No. 7 states, in pertinent part,

> **Summary Dismissal of Appeals.** The BIA may deny oral argument and summarily dismiss any appeal in which (i) the party concerned fails to specify the reasons for his/her appeal on the reverse side of this form ...

On November 4, 1994, the Court Clerk for the Immigration Judge in Chicago, Illinois, mailed to Singh's attorney a transcript of the Administrative Record. At the same time, a form cover letter was sent to Singh's attorney advising him that "the alien/representative [was] granted until December 5, 1994, to submit a brief" in support of his appeal and the INS was granted until January 5, 1995, to submit a brief in response.

Neither party submitted a brief. Thereafter, on March 9, 1995, the BIA summarily dismissed Singh's Appeal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i)(A). In its Order of Summary Dismissal, the BIA stated:

---

**1.** That exclusion proceedings rather than deportation proceedings were commenced against him is an important distinction. Had deportation proceedings rather than exclusion proceedings

been commenced against him, review of the BIA's decision on his appeal would lie with the Court of Appeals rather than with this Court. See, 8 U.S.C. §§ 1105a(a) and (b).

... The applicant has in no meaningful way identified the basis of the appeal from the August 25, 1994, decision of the immigration judge. The applicant has not specified whether he challenges erroneous findings of fact or law or both, has presented no legal authority, and has not identified particular factual details at issue. Such generalized statements as are contained in the Notice of Appeal, without more, utterly fail to enlighten the Board as to the reasons for the appeal ...

On May 16, 1995, Singh filed with this Court a Petition for Writ of Habeas Corpus seeking an Order: (1) vacating the BIA's summary dismissal of his application for asylum and for withholding of deportation and, (2) remanding the case to the BIA for adjudication of the appeal on the merits. In the alternative, Singh's petition requested that this Court review the determination of the immigration judge, vacate such decision and grant his Application for Asylum and for Withholding of Deportation.

On June 8, 1994, during an Order to Show Cause Hearing, a briefing schedule was set on the issue of whether the BIA erred in summarily dismissing Singh's appeal. The parties agreed that if the Court were to find that the BIA erred in summarily dismissing the appeal, it should remand the case to the BIA for adjudication of Singh's appeal on the merits.[2]

### Analysis

■ As noted above, the issue presented in this case comes to the district court by way of a Petition for Writ of Habeas Corpus. This is the appropriate mechanism by which judicial review can be sought of a final order of the BIA in an exclusion proceeding. 8 U.S.C. § 1105a(b). This is in contrast to the route an aggrieved party must take to have a final order for deportation judicially reviewed. In the case of a final order for deportation, review must be sought in the Court of Appeals. 8 U.S.C. § 1105a(a).[3]

In his Notice of Appeal to the BIA, Singh presented reasons for his appeal. The BIA, finding that those reasons were insufficient to describe the factual or legal basis for the appeal, summarily dismissed the appeal, pursuant to 8 C.F.R. § 3.1(d)(1–a)(i)(A).

8 C.F.R. § 3.1(d)(1–a)(i)(A), states that:

*(1–a) Summary dismissal of appeals.*

(i) *Standards:* The Board may summarily dismiss any appeal or portion of any appeal in any case in which:

(A) the party concerned fails to specify the reasons for the appeal on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith ...

Needless to say, this regulation is less than enlightening on how much detail is needed in the Notice of Appeal in order to avoid the sanction of summary dismissal for failing "to specify the reasons for the appeal."

In an effort to clarify the regulation, the BIA, in *Matter of Valencia,* Interim Dec. No. 3006, slip op. at 2–3 (BIA Feb. 14, 1986), stated:

In the *Matter of Holguin,* 13 I & N Dec. 423 (BIA 1969), we noted that this regulation was designed to permit us to deal promptly with appeals where the reasons given for the appeal are inadequate to apprise the Board of the particular basis for the alien's claim that the immigration judge's decision is wrong ...

... Without a specific statement, the Board can only guess at how the alien disagrees with the immigration judge's decision. It is therefore insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation ... Where eligibility for discretionary relief is at issue, it

---

**2.** Originally this case was assigned to the Honorable Terence T. Evans, Chief Judge, United States District Court, Eastern District of Wisconsin. The above-referenced agreement was entered into by the parties during the course of the Order to Show Cause Hearing on June 8, 1995, In August 1995, Chief Judge Evans was elevated to a seat on the Court of Appeals for the Seventh Circuit. This case was, thereafter, reassigned to this Court for disposition.

**3.** The difference between "deportation" and "exclusion" is subtle but important. One is "deported" after he or she has entered into the United States. One is "excluded" prior to his or her entry into the United States.

should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

... In all cases, ... the reasons for an appeal must be meaningfully identified on the Notice of Appeal.

*Matter of Valencia* has been cited and relied upon by a number of appellate courts when reviewing the appropriateness of summary dismissals of deportation orders. Although, as noted above, the proceedings out of which this case arose are exclusion rather than deportation, *Matter of Valencia* and the appellate decisions that have addressed the appropriateness of the BIA's summary dismissals of final orders of deportation are, nevertheless, instructive.

### The Case Law

In *Lozada v. INS*, 857 F.2d 10 (1st Cir. 1988), the Court upheld the BIA's summary dismissal of the petitioner's appeal. It held,

We agree with the Board that the petitioner's bare complaints—that the judge's decision was "against the weight of the evidence," "against the law controlling the case," and "arbitrary and capricious"—do not meet [the requirements of *Matter of Valencia*] and fail to give the Board any meaningful information about the asserted error or errors in that decision.

*Id.,* at 12.

In *Athehortua–Vanegas v. INS*, 876 F.2d 238 (1st Cir.1989), the Court upheld the BIA's summary dismissal of the appeal when the only reason given for the appeal was: "Immigration Judge violated appellant's [sic] constitutional rights in that he failed to give full faith and credit to the laws and statutes of the State of Rhode Island." *Id.,* at 240. The Court noted that "petitioner's conclusory broadside was entirely unenlightening offering neither substance nor direction ... [and

he] 'fail[ed] to give the Board any meaningful information about the asserted error or errors.'" *Id.,* at 241.

In *Townsend v. U.S. Department of Justice Immigration and Naturalization Service,* 799 F.2d 179 (5th Cir.1986), the Court upheld the summary dismissal of the appeal where "[o]n the requisite form under 'reasons for this appeal' Townsend stated only that 'male respondent has sufficiently established his "well-founded fear of persecution" according to present case law.'" *Id.,* at 181. The Court went on to hold that such a "conclusory statement" was inadequate under the Board's established construction of its regulation (i.e., 8 C.F.R. § 3.1(d)(1–a)). *Id.,* at 182.

In *Soriano v. INS,* 45 F.3d 287 (8th Cir. 1995), the Court upheld the summary dismissal of the petitioner's appeal to the BIA. In doing so, it stated that:

In his Notice of Appeal to the Board of Immigration Appeals (BIA), Soriano briefly repeated his factual allegations and maintained simply that his testimony at the deportation hearing "showed a well-founded fear of persecution."

*Id.,* at 287.

The Court concluded that "[t]he stated reasons for the appeal must inform the BIA of which errors the Immigration Judge made and why." Because the reasons Soriano gave for his appeal did not convey this information, the BIA did not abuse its discretion in summarily dismissing his appeal. *Id.,* at 287.

In *Toquero v. INS,* 956 F.2d 193 (9th Cir.1992), the Court found the summary dismissal of an appeal to be "appropriate" where, as reasons for the appeal, the petitioner wrote: "The Immigration Judge erred in denying Respondent's application for suspension as the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines." *Id.,* at 194. The Court went on to note that "[g]laringly absent [from the information provided in the Notice of Appeal was] 'a discussion of the particular details contested' ... Rather than describing *how* the evidence established extreme hardship and *why* the

I.J. erred, Petitioner [made] a generalized and conclusory statement about the proceedings before the I.J." *Id.*, at 195.

In *Nazakat v. INS*, 981 F.2d 1146 (10th Cir.1992), the Court upheld the summary dismissal of the appeal for lack of specificity. In that case, the petitioner, acting pro se, had filed a timely notice of appeal. The notice indicated that he was appealing the denial of asylum and asserted the following reasons for appeal:

Specific reasons are, the Judge was not really pointed to the facts, and mentioned which I wrote in my other application that my father lives in Iran, and other one is from my last conviction was seven years ago, which is in the book, and since then I was in good moral interp. I hope these are enough for reasons.

*Id.*, at 1148.

The Court, noting that the BIA had strictly interpreted 8 C.F.R. § 3.1(d)(1–a)(i) in construing the degree of specificity required in the notice of appeal, stated that the reasons given (for the appeal) must at least inform the BIA of which errors the immigration judge made and why. It held that the BIA had not abused its discretion in finding the petitioner's statement of reasons for the appeal insufficient to satisfy the strict standards of the regulations. *Id.*, at 1148.

In *Bonne–Annee v. INS*, 810 F.2d 1077 (11th Cir.1987), the Court upheld the summary dismissal of the petitioner's appeal. In that case, the petitioner, proceeding pro se, had filed a notice of appeal with the BIA in which "he stated that the judge 'was incorrect in finding me deportable,' 'was incorrect in denying my political asylum application,' and 'was wrong in denying my motion for a continuance and my motion for Interrogatory [sic].'" *Id.*, at 1078. Although the petitioner had requested oral argument and had indicated that he would be filing a separate written brief, he never did submit any additional documentation. Therefore, the only information before the BIA concerning the grounds for appeal was the general statement in the notice of appeal. The Court found that the petitioner had failed to provide the BIA with sufficient information regarding the specific grounds of his appeal.

In contrast to the above cases (in which the BIA's summary dismissal of appeals was upheld), the Court in *Medrano–Villatoro v. INS*, 866 F.2d 132 (5th Cir.1989), reversed the BIA's summary dismissal of the petitioner's appeal and remanded it to the BIA for consideration on its merits. In *Medrano–Villatoro*, the BIA had summarily dismissed the appeal on the grounds that, inter alia, the petitioner had failed to specify the reasons for the appeal in the notice of appeal. In reversing the BIA, the Court found that, while the "[p]etitioner's statements may not have been models of clarity, . . . they were adequate for purposes of the notice of appeal . . . . . ." The statements which the Court found to be adequate were as follows:

(6) The Decision, in denying eligibility for consideration of Asylum and Withholding of Deportation, is divorced from the realities of El Salvador and the circumstances that precipitated Appellant's having to leave his home and country and that would face him there should he now have to return, as demonstrated and established by any fair assessment and understanding of the evidence, documentary and testimonial.

(7) The Decision denying eligibility for consideration of Asylum and denying Withholding of Deportation is in disregard of and contrary to the uncontroverted evidence establishing Appellant's well-founded fear of persecution in El Salvador, and the threats there to his life and freedom, because of who he was and is and what he had done, and on account of political opinion and membership in a particular social group.

*Id.*, at 133.

If the above presentation of case holdings demonstrates anything, it is that what may be specific enough reasons to avoid summary dismissal in one case may not be sufficient to avoid summary dismissal in another. The road from a hearing before an immigration judge to an appeal before the BIA is, indeed, a treacherous one.

### The Standard of Review

By what standard do I review the decision of the BIA in this case? According to *Naza-*

*kat,* 981 F.2d at 1148, and *Soriano,* 45 F.3d at 287, a court is to review the BIA's summary dismissals for abuse of discretion. On the other hand, the Ninth Circuit in *Martinez–Zelaya, supra,* and in *Toquero, supra,* stated: "Although we have not clearly articulated the standard for reviewing BIA summary dismissal of appeals under 8 C.F.R. § 3.1(d)(1–a) (1987), we have analyzed whether such summary dismissals are 'appropriate.'" *Martinez–Zelaya,* 841 F.2d at 295.

■ The respondent argues that the BIA is entitled to deference in its interpretation of its own regulations, citing *Lyng v. Payne,* 476 U.S. 926, 939, 106 S.Ct. 2333, 2341–42, 90 L.Ed.2d 921 (1986). Even finding that to be the case, however, does not resolve the issue that I am faced with here. To be sure, the BIA announced in Matter of Valencia, supra, that it would strictly interpret 8 C.F.R. § 3.1(d)(1–a)(i). In Matter in Valencia, the BIA stated: "[I]t should be clear [in the Notice of Appeal] whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authorities should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested." Id., slip op. at 2–3. The question I am faced with here, however, is whether the information that Singh provided in his Notice of Appeal satisfied this standard to such a degree that the Board either "abused its discretion" in summarily dismissing the appeal or to such a degree that summary dismissal of the appeal was not "appropriate."

Had the BIA reached the merits of Singh's appeal in this exclusion proceeding, my review of its decision would not be de novo. Instead, my review would be "limited to whether the Board's findings of fact were supported by substantial evidence and whether the Board's decision was arbitrary, capricious, and an abuse of discretion, or contrary to law." *De Brown v. Department of Justice,* 18 F.3d 774, 777 (9th Cir.1994). This would be not unlike the court of appeals' limited scope of review of the BIA's denial of an alien's request for voluntary departure

and order for his deportation. See, *Garcia–Lopez v. INS,* 923 F.2d 72, 74 (7th Cir.1991).

Here the BIA never reached the merits of Singh's appeal. Instead, it summarily dismissed his appeal for his failure to satisfy a *procedural requirement.*

■ I conclude, based on the above cited cases, and, on *Conti v. INS,* 780 F.2d 698 (7th Cir.1985), that procedural findings of the BIA should only be disturbed if it is established that the BIA abused its discretion in making those findings. In *Conti,* the Court reaffirmed that the standard to be applied in assessing whether the BIA abused its discretion on a procedural finding is as follows:

"[T]he [procedural finding] will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group."

Id., at 701 (quoting *Achacoso–Sanchez v. INS,* 779 F.2d 1260, 1265 (7th Cir.1985)).

### The Summary Dismissal Order

In its Per Curiam Order summarily dismissing Singh's appeal, the BIA cited a number of cases in support of its finding that the "generalized statements as are contained in [Singh's] Notice of Appeal, without more, utterly fail to enlighten the Board as to the reasons for the appeal." First on the list of those cases was *Medrano–Villatoro, supra.* Yet, in *Medrano–Villatoro,* the Court had found the statement of reasons in the notice of appeal to have "adequately apprised the BIA that the alleged error ... was one of fact and was made in determining the petitioner's eligibility for asylum and withholding of deportation." Id., at 134. It further found that "[t]he petitioner's statement of reasons for his appeal was sufficiently detailed to allow the BIA to determine the nature of the error and to guide the BIA in its preliminary assessment of the record." Id.

The statement of reasons for the petitioner's appeal in *Medrano–Villatoro,* are stated in their entirety earlier in this Decision and Order. They are not materially any more detailed then those presented in Singh's No-

tice of Appeal. And, the reasons given by Singh in his Notice of Appeal are certainly more enlightening then those given by the petitioners in *Athehortua–Vanegas, Townsend, Soriano, Lozada, Toquero,* and *Nazakat.*

■ Indeed, a fair reading of Singh's Notice of Appeal reveals that his statement of reasons (with the exception of his final reason regarding the immigration judge's order excluding Exhibit 4), were premised on four errors of fact: (1) that the immigration judge erred in not finding that Singh had suffered past persecution based on membership in a farmers' union; (2) that the immigration judge erred in not finding that Singh had suffered past persecution based on his imputed political opinion and/or religious beliefs; (3) that the immigration judge erred in not finding that Singh established country-wide conditions which made it impossible for him to relocate within his country; and, (4) that the immigration judge erred in not finding that Singh had a reasonable fear of persecution if he were returned to his country.

Like the statement of reasons given in *Medrano–Villatoro,* the statement of reasons given by Singh in his Notice of Appeal "may not have been models of clarity." But, like the statement of reasons in *Medrano–Villatoro,* they adequately apprised the BIA that the alleged errors were errors of fact. Moreover, Singh was not required to fully argue his position in his Notice of Appeal. Id., at 134.

I find, therefore, that the BIA's summary dismissal of Singh's appeal to be an inexplicable departure from the holding in *Medrano–Villatoro.* Indeed, in its Order of Summary Dismissal, the BIA offered no rational explanation of how the statement of reasons provided in Singh's Notice of Appeal was materially different from the statement of reasons found to be adequate in *Medrano–Villatoro.* Accordingly, I find that the BIA abused its discretion in summarily dismissing Singh's appeal.

The BIA's Order of Summary Dismissal is **REVERSED.** This matter is remanded to the BIA for consideration on the merits of Singh's appeal.

There is one final matter that must be addressed. Singh requests that this Court remand this matter to the BIA with directions that the BIA set a briefing schedule on Singh's appeal. I decline to do so. As noted above, for whatever reason, Singh failed to file a brief with the BIA in accordance with the briefing schedule originally set by the BIA. Should he wish to now file a brief in support of his appeal, he should seek leave to do so, not from this Court, but from the BIA.

**SO ORDERED.**