**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60523
Summary Calendar

FITZROY NATHANIEL LAWRENCE,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Appeal from the United States District Court
for the Western District of Louisiana
(A38-203-661)

November 26, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Fitzroy Nathaniel Lawrence ("Lawrence") petitions this Court

for review of an order by the Board of Immigration Appeals ("BIA")

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

dismissing his appeal on the basis that his notice of appeal lacked specificity. For the following reasons, we deny the petition for review and affirm.

## FACTS AND PROCEEDINGS BELOW

The Immigration and Naturalization Service ("INS") ordered Lawrence, a citizen of Jamaica, to show cause why he should not be deported under § 241(a)(2)(A)(iii) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(2)(A)(iii), which provides that an alien convicted of an aggravated felony after entry is deportable. The INS deemed Lawrence deportable because of his 1993 conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He had entered this country as a legal permanent resident in 1983 at the age of 13.

With representation by counsel, Lawrence applied for a waiver of inadmissibility pursuant to § 212(c) of the Act, 8 U.S.C. §1182(c). Under that provision of the Act, an Immigration Judge ("IJ") has the discretion to waive deportation for lawful permanent residents who have maintained a lawful domicile in this country for at least seven consecutive years.[1] In April of 1995, an IJ held a deportation hearing and heard testimony and evidence regarding

---

[1] Section 440(a) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 100 Stat. 1214 (April 24, 1996), removed the exercise of this discretion in favor of aliens with certain types of convictions, among them, Lawrence's offense.

Lawrence's application. The IJ denied relief from deportation, finding that, while some favorable considerations supported Lawrence's application, he lacked a good employment record, evidenced no particularly undue hardship, offered no particular value or service to the community, and evidenced no genuine rehabilitation. The IJ concluded that he had not met the "heightened burden" of demonstrating "unusual and outstanding equities" that might justify a waiver for those convicted of serious drug offenses.

Lawrence filed a *pro se* notice of appeal to the Board of Immigration Appeals ("BIA"), asserting in his Form EOIR-26 the following as grounds for his appeal.

> The Immigration Judge erred in denying the Respondent a waiver because the Respondent demonstrated unusual and outstanding equities, hardship of deportation, and rehabilitation. The equities presented by the Respondent outweigh the negative factors presented at the 212(c) hearing. Therefore, the Respondent should have been granted a 212(c) waiver.

Form EOIR-26 (May 8, 1995). He also indicated affirmatively on the form an intent to file a separate written brief or statement. That did not materialize as Lawrence missed the brief's due date. The BIA summarily dismissed Lawrence's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i)(A), stating that he "had not alleged any error which could provide a basis for our review of the record." *In re Lawrence (A38 203 661)*, (BIA, August 23, 1995). One member of the panel concurred with the dismissal, but argued that the appeal should have been disposed of on its merits, and found that

3

Lawrence's application did not warrant a discretionary waiver of deportation.  *Id.* (Filppu, concurring).

Lawrence filed a *pro se* petition for review of the BIA's decision with this Court, contending that the BIA should have taken his appeal because he provided sufficient detail regarding the grounds of his appeal.  Currently in a detention facility, Lawrence has also made a motion for release on bond or his own recognizance, a motion for appointment of counsel, and a motion for transfer from his present detention facility.

<u>The BIA's Dismissal of Lawrence's Appeal</u>

This Court has jurisdiction to review final deportation orders of the BIA pursuant to 8 U.S.C. § 1105a(a).[2]  We review summary dismissals based on the lack of specificity in a notice of appeal for an abuse of discretion.  *Medrano-Villatoro v. INS*, 866 F.2d 132, 134 (5th Cir. 1989).

Under its regulations, the BIA is permitted to dismiss an appeal summarily if the appealing party "fails to specify the grounds for the appeal."  *See* 8 C.F.R. § 3.1(d)(1-a)(i)(A); *Verduzco-Arevalo v. INS*, 989 F.2d 186, 187 (5th Cir. 1993) (citing

---

[2]     While neither party raised the issue of our jurisdiction, we note that in *Mendez-Rosas v. INS*, 87 F.3d 672 (5th Cir. 1996), *petition for cert. filed*, (Sept. 23, 1996) (No. 96-6076), we decided that the AEDPA's amendment to the Act's provisions regarding judicial review of final orders of deportation withdrew jurisdiction of pending appeals where jurisdiction was withdrawn.  However, in the AEDPA, Congress added a new definition of "order of deportation" to the Act that does not seemingly encompass this case given that it was summarily dismissed.  We assume *arguendo* that we retain jurisdiction of this particular appeal.

*Medrano-Villatori*, 866 F.2d at 133).

The Board did not abuse its discretion by summarily dismissing Lawrence's appeal. We have previously explained that if a question of law is presented, supporting authority must be cited, and if an appeal concerns the facts, then the particular details at issue must be identified. *Medrano-Villatoro*, 866 F.2d at 134. We have also explained that if the appeal concerns the denial of discretionary relief, then the statement of reasons for the appeal must disclose whether the alleged error derives from the grounds of eligibility or from the exercise of discretion. *Id.*

Lawrence's appeal notice consisted of a generalized and conclusory statement claiming error. See *Townsend v. U.S. Dep't of Justice INS*, 799 F.2d 179, 182 (5th Cir. 1986). He merely restated the well-established factors involved in the exercise of § 212(c)'s discretion and asserted that the IJ erred. Absent from Lawrence's notice are the particular details contested. Because it is unclear which pieces of the evidence are in contention, the BIA was left to guess how and why the petitioner thought that the IJ erred. See *Lozada v. INS*, 857 F.2d 10, 13 (1st Cir. 1988). The appellant is not required to argue fully his position, nor to set out his reasons for appeal in a brief or statement separate from the form. See *Medrano-Villatori*, 866 F.2d at 134. Nevertheless, the appellant must provide a statement informing the BIA what aspects of the decision were wrong and why. See *Candelo v. Bd. of Imm.*

*Appeals Executive Office for Imm. Review*, 989 F.2d 502, 1993 WL 58240, at *1 (7th Cir. 1993).

### B. Motion for Appointment of Counsel

Lawrence requests the appointment of counsel. An alien has a right to counsel in an immigration proceeding under the due process clause of the Fifth Amendment, but must retain legal counsel at his own expense or *pro bono*. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).

The motion for appointment of counsel is DENIED.

### C. Motion for Release

Lawrence requests release from detention on his own recognizance or on bond. This Court lacks jurisdiction to rule on Lawrence's motion for release.

Congress has plainly directed, in 8 U.S.C. § 1252(a), that any discretionary decision regarding release is to be made by the Attorney General or her representatives. Any alien's application for bail or bond must be submitted directly to the Attorney General, whose ruling is subject to review by a district court in proceedings separate and distinct from deportation proceedings. 8 U.S.C. § 1252(a)(1); *In re Ghalamsiah,* 806 F.2d 68, 73 (3rd Cir. 1986); See also *Young v. U.S. Dept. of Justice, INS*, 759 F.2d 450, 457 (5th Cir.), *cert. denied*, 474 U.S. 996, 106 S. Ct. 412, 88 L. Ed. 2d 362 (1985). Of course, the Act also precludes the Attorney

General from releasing from custody an alien with Lawrence's drug conviction. *See* 8 U.S.C. § 1252(b) ("The Attorney General shall take into custody any alien convicted of any criminal offense covered in section 1251(a)(2)(A)(iii), (B), (C), or (D) of this title...[and] the Attorney General shall not release such felon from custody.").

Lawrence's motion for release on bond or his own recognizance is DISMISSED for lack of jurisdiction.

### D.  Motion for Transfer

Lawrence requests transfer from his current detention facility, a county jail, back to the federal detention center at which he was first detained.  He maintains that, at the county jail, he is unable to represent himself effectively, and also suggests that he is unable to receive appropriate medical treatment for an eye condition.  Like the motion above, this Court lacks jurisdiction to address this issue.  This Court would have jurisdiction over an appeal from a district court of either a 43 U.S.C. § 1983 action brought against a state official or an action against a federal official brought under 5 U.S.C. § 702.

The motion for transfer is DISMISSED for lack of jurisdiction.

### CONCLUSION

The petition for review is denied and the order of the BIA is AFFIRMED.  The Motion for appointment of counsel is DENIED, and

the Motions for release and transfer are DISMISSED.