[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10688

Non-Argument Calendar

_____

TULIO VICTOR SOARES,
CAMILA MOREIRA FERNANDES SOARES,
DANILO EMANUEL SOARES FERNANDES,
CALITA PRISCILA SOARES FERNANDES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-755-667

_____

Before JORDAN, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Tulio Victor Soares, Camila Moreira Fernandes Soares, and their minor children, D.E.S.F. and C.P.S.F., petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal from an Immigration Judge's ("IJ") denial of Tulio's application for asylum. They argue that: (1) the BIA should have addressed the arguments raised in their notice of appeal ("NOA"), irrespective of how vague those arguments were; (2) summary dismissal here is "unduly harsh"; (3) the BIA ignored the specific, sufficiently-stated grounds raised in the NOA; and (4) they were not required to file a supporting brief.

We review the BIA's summary disposition of a petitioner's case for an abuse of discretion. *Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006). "[A]buse of discretion review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) (quotation marks omitted).

In deciding whether to uphold the BIA's decision, we are limited to the grounds upon which the BIA relied and we do not

consider issues that the BIA did not reach. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Further, any arguments not raised before us on appeal when seeking review of the BIA's order are deemed abandoned and will not be addressed absent extraordinary circumstances. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed . . . is deemed abandoned and its merits will not be addressed.").

According to relevant regulations, the BIA may summarily dismiss an appeal when a party fails to specify reasons for the appeal in his NOA or the party indicates that he will file a brief in support of the appeal and does not file such a brief or reasonably explain his failure to do so within the time for filing. 8 C.F.R. § 1003.1(d)(2)(i)(A), (E).

Further, "[t]he party taking the appeal must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i)." *Id.* § 1003.3(b). "The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." *Id.* "If a question of law is presented, supporting authority must be cited." *Id.* "If the dispute is over the findings of fact, the specific facts contested must be identified." *Id.*

In *Bonne-Annee v. I.N.S.*, we affirmed the BIA's summary dismissal of a petitioner's appeal on the basis that the petitioner failed to sufficiently identify his reasons for appeal, when his NOA merely

asserted that the IJ "'was incorrect in finding [him] deportable,' 'was incorrect in denying [his] political asylum application,' and 'was wrong in denying my motion for a continuance and my motion for Interrogatory [sic].'"  810 F.2d 1077, 1078 (11th Cir. 1987). In so holding, we explained that, "[w]hen a petitioner, proceeding through a representative or pro se, fails to apprise the Board of the specific grounds for his appeal, whether by specifying the reasons in the notice of appeal *or* by submitting an additional statement or brief, summary dismissal is appropriate." *Id.*  "Otherwise the BIA is left to speculate whether petitioner challenges erroneous findings of fact or law, or both." *Id.*

In *Bayro v. Reno*, we held that the BIA did not abuse its discretion when it summarily dismissed an appeal in which the petitioner did not file a supporting brief.  142 F.3d 1377, 1379 (11th Cir. 1998).  In his NOA, the petitioner "gave as reasons for the[] appeal that the [IJ]'s concept of the 'reasonable person' was 'totally outside of the parameters set forth' in the relevant case law and because the judge had abused her discretion in finding that [the petitioner] had not established a well-founded fear of persecution." *Id.* at 1378. We reasoned that these general statements failed to appraise the BIA of the specific grounds for appeal, and thus, we affirmed the BIA's summary dismissal. *Id.* at 1379.

In *Jeune v. U.S. Att'y Gen.*, we addressed whether an issue could be exhausted via arguments raised in an NOA, stating that, "even assuming that the identification of a potential issue in a notice of appeal can substitute for a substantive argument in the

actual appellate brief," the petitioner's "passing reference in that notice to having suffered past persecution gave the BIA no indication of the specific issues that Petitioner [said] it should have examined." *See* 810 F.3d 792, 801 (11th Cir. 2016) (footnote omitted), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). We concluded that the petitioner's conclusory statement in the NOA that the petitioner suffered persecution "as a gay man" was insufficient to exhaust the arguments he sought to raise before us on appeal. *Id*. We held that, "[w]hile Petitioner was not required to put forth well-developed arguments, he was required to set out enough information to allow the BIA to review, assess, and correct any alleged errors by the [IJ]," which he failed to do. *Id*.

Here, the BIA's summary dismissal was not an abuse of discretion because the Soares family's NOA failed to identify any legal issue or cite to any legal authority, and merely reasserted Tulio's underlying claims without providing any assertion as to how, precisely, the IJ's denial of his claims was improper. To the extent that the NOA identified a factual issue regarding Tulio's ability to relocate to avoid harm, any argument in this regard was abandoned by the family's failure to brief it on appeal to this Court. We decline to address the Soares family's remaining arguments, as they are unnecessary to resolve this petition for review or were not reached by the BIA.

6                    Opinion of the Court                    24-10688

Accordingly, we deny the Soares family's petition for review.

**PETITION DENIED.**

24-10688                JORDAN, J., Concurring                1

JORDAN, Circuit Judge, Concurring.

In my view, the petitioners' notice of appeal to the BIA did "specify" at least some of the "reasons for the appeal." 8 C.F.R. § 1003.1(d)(2)(i)(A). For example, the notice stated that Mr. Soares was a member of a particular social group (Brazilian males from Governador Valadares, Brazil) and that—contrary to the immigration judge's determination—he had a "well-founded fear of future persecution based on his membership" in that group. *See* A.R. at 17.

Nevertheless, I agree that we should deny the petition. Although the notice of appeal listed some of the issues, it did so in a general and conclusory manner and did not sufficiently apprise the BIA of why the immigration judge had purportedly erred. And the petitioners did not file a brief or other written statement elaborating on the issues set out in the notice. *See Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998).